**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2954-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RICHARD W. ISAACS, a/k/a
RICHARD ISAAC, and
RICHARD ISASC,

     Defendant-Appellant.

_____

Submitted September 10, 2019 – Decided September 24, 2019

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 16-02-0171.

Joseph E. Krakora, Public Defender, attorney for appellant (Amira Rahman Scurato, Designated Counsel, on the brief).

Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (Paula Cristina Jordao, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Richard W. Isaacs appeals from an order denying his motion to withdraw his guilty plea to two counts of third-degree burglary and one count of conspiracy to commit burglary. Because the record supports the motion court's conclusion that defendant failed to establish an entitlement to withdraw his guilty plea under the standard established in State v. Slater, 198 N.J. 145 (2009), we affirm.

I.

Defendant and a codefendant were charged in a multi-count indictment with burglary, conspiracy, and theft-related offenses. The indictment charged defendant with the following: two counts of second-degree use of a juvenile to commit a third-degree criminal offense, N.J.S.A. 2C:24-9(a) and (b); nine counts of third-degree burglary, N.J.S.A. 2C:18-2(a)(1); two counts of third-degree theft, N.J.S.A. 2C:20-3(a); two counts of third-degree receiving stolen property, N.J.S.A. 2C:20-7; one count of third-degree conspiracy to commit burglary, N.J.S.A. 2C:5-2(a) and N.J.S.A. 2C:18-2(a)(1); and one count of third-degree conspiracy to commit theft, N.J.S.A. 2C:5-2(a) and N.J.S.A. 2C:20-3(a).

Defendant applied for admission into the pre-trial intervention (PTI) program. The probation department recommended defendant's acceptance into PTI. In a May 23, 2016 letter, the Morris County Prosecutor's Office rejected

A-2954-17T1

defendant's application. The Prosecutor's Office noted defendant was charged with a second-degree offense[1] and that, "[p]ursuant to Guideline 3(i) of the Guidelines for Operation of Pretrial Intervention" under Rule 3:28, "'a person charged with a first or second[-]degree crime should ordinarily not be considered for enrollment in PTI except on a joint application of the defendant and the Prosecutor.'" The Prosecutor's Office found defendant failed to demonstrate compelling reasons sufficient to overcome the presumption against admission into PTI for individuals charged with second-degree offenses.

The Prosecutor's Office further found the nature of the second-degree offense, the use of a juvenile to commit criminal offenses, militated against defendant's acceptance into PTI and that accepting defendant into PTI would "deprecate the seriousness of his crime." The Prosecutor's Office also concluded that defendant's statements showed he did not understand the seriousness of the offenses he committed and that he minimized the extent of his role in the commission of the offenses. Thus, the Prosecutor's Office reasoned, "it is unlikely that behavioral change would occur as a result of [PTI's] short term rehabilitation" program. Last, the Prosecutor's Office considered the interests of society, whether the crimes charged were of such a nature that the value of

---

[1] As noted, the indictment charged defendant with two second-degree offenses.

PTI was outweighed by the public need for prosecution, and whether the harm done to society by abandoning prosecution outweighed the benefits to be derived by society through defendant's admission into PTI, and determined defendant's commission of eight vehicle burglaries and the burglary of a garage required prosecution "rather than diversion."

Defendant did not appeal the Prosecutor's Office's rejection to the Law Division. See R. 3:28(h)[2] (providing that a challenge to a prosecutor's refusal to consent to a defendant's PTI admission shall be made by motion to the Law Division filed "within ten days after receipt of the rejection"). Instead, on February 6, 2017, he pleaded guilty to two counts of third-degree burglary and one count of third-degree conspiracy to commit burglary in exchange for the State's recommendation that he receive a non-custodial probationary sentence and that the remaining charges be dismissed.

---

[2] When the Prosecutor's Office rejected defendant's PTI application in 2016, Rule 3:28(h) set forth the requirements for the filing of a challenge to a prosecutor's rejection. Effective July 1, 2018, Rule 3:28 was repealed but, effective the same day, the ten-day deadline for filing a challenge to a prosecutor's denial of a PTI application to the Law Division was reallocated to Rule 3:28-6(a). See Pressler & Veniero, Current N.J. Court Rules, cmt. 1 on R. 3:28-1 (2019). We apply Rule 3:28(h) because it was in effect when the Prosecutor's Office rejected defendant's PTI application.

A-2954-17T1

In October 2017, prior to his sentencing, defendant obtained new counsel and moved to vacate his guilty plea. In support of the motion, defendant submitted a certification erroneously stating that he had "been accepted to" PTI prior to the entry of his plea, and that he did "not recall why" he and his "prior attorney . . . did not proceed with admission into PTI." He explained it was his "desire to withdraw [his] plea so that [he] can pursue admission into PTI." In a letter brief to the court, defendant's new counsel explained that "the basis for . . . defendant's motion to withdraw his plea is the fact that he wishes to pursue his admission into" PTI.

At oral argument on the motion, defendant provided an explanation for his decision to plead guilty. He advised the court that, prior to his decision to plead, he was informed his codefendant, to whom he was related, would be permitted to plead guilty and obtain a non-custodial probationary sentence only if defendant also pleaded. Defendant explained he pleaded guilty because his codefendant had two children, one of whom had cancer, and his codefendant was able to plead and obtain the benefit of a non-custodial sentencing recommendation from the State because defendant also pleaded. In response to defendant's explanation of his rationale for pleading guilty, the court observed the codefendant had, in fact, pleaded and received a non-custodial sentence.

The court found that permitting defendant to withdraw his plea would prejudice the State because defendant entered the plea "to accommodate a relative who had a contingent plea bargain" and the codefendant had "gotten the benefit of the plea bargain." The court further observed the absence of any colorable claim of innocence and that defendant's plea bargain militates against a plea withdrawal. The court denied defendant's motion to withdraw his guilty plea and sentenced defendant to an aggregate sentence of one-year probation. This appeal followed.

Defendant offers the following arguments for our consideration:

POINT I

DEFENDANT'S GUILTY PLEA WAS NOT KNOWINGLY AND VOLUNTARILY ENTERED, AND, THUS, VIOLATED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW UNDER THE STATE AND FEDERAL CONSTITUTIONS. MOREOVER, THE WEIGHT OF THE STATE V. SLATER, 198 N.J. 145 [(2009)], FACTORS MILITATES IN FAVOR OF PLEA WITHDRAWAL AND AS A RESULT DEFENDANT'S GUILTY PLEA CANNOT STAND. U.S. CONST. AMENDS. V, VI, XIV; N.J. CONST. (1947), ART. I, PARAS. 1, 9 & 10.

POINT II

DEFENDANT SHOULD BE ORDERED ADMITTED INTO THE PRE-TRIAL INTERVENTION PROGRAM.

A-2954-17T1

II.

We review a trial judge's decision on a motion to withdraw a guilty plea for abuse of discretion, State v. Munroe, 210 N.J. 429, 441-42 (2012), and will "reverse the denial of a motion to withdraw a guilty plea 'only if there was an abuse of discretion which renders the lower court's decision clearly erroneous.'" State v. Hooper, 459 N.J. Super. 157, 180 (2019) (quoting State v. Simon, 161 N.J. 416, 444 (1999)). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Where, as here, a motion to withdraw a guilty plea is filed prior to sentencing, a defendant must establish that the plea withdrawal is in "the interests of justice[.]" R. 3:9-3(e). In Slater, our Supreme Court established the four factors that trial judges must

> consider and balance . . . in evaluating motions to withdraw a guilty plea: (1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused.

7

[198 N.J. at 157-58.]

"No single Slater factor is dispositive; 'if one is missing, that does not automatically disqualify or dictate relief.'" State v. McDonald, 211 N.J. 4, 16–17 (2012) (quoting Slater, 198 N.J. at 162).

"[A] defendant's representations and the trial court's findings during a plea hearing create a 'formidable barrier' the defendant must overcome in any subsequent proceeding" to withdraw a guilty plea. Slater, 198 N.J. at 156 (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). A defendant bears the burden of establishing an entitlement to withdraw a guilty plea. Ibid. In satisfying that burden, "defendants must show more than a change of heart. A 'whimsical change of mind,' by the defendant . . . is not an adequate basis to set aside a plea." Id. at 157 (quoting State v. Huntley, 129 N.J. Super. 13, 18 (App. Div. 1974)).

Based on the record presented, we are satisfied the court properly determined defendant did not establish an entitlement to withdraw his plea under the Slater standard and did not abuse its discretion by denying defendant's motion. Defendant presented little in support of his motion and failed to sustain his burden of establishing that withdrawal of his plea would serve the interests of justice. Id. at 156-57; see also R. 3:9-3(e).

Defendant's motion is untethered to a colorable claim of innocence. Our Supreme Court has determined that under the first Slater factor, "[a] bare assertion of innocence is insufficient to justify withdrawal of a plea." Slater, 198 N.J. at 158. A "[d]efendant[] must present specific, credible facts and, where possible, point to facts in the record that buttress [the] claim." Ibid. Here, defendant did not make a bare assertion of innocence; he made, and makes, no claim of innocence at all.[3]

The second Slater factor requires a determination as to "whether defendant . . . presented fair and just reasons for withdrawal, and whether those reasons have any force." Id. at 159. Although we are not to consider the reasons for withdrawal with "skepticism," we "must act with 'great care and realism' because defendants often have little to lose in challenging a guilty plea." Id. at 160 (quoting State v. Taylor, 80 N.J. 353, 365 (1979)). Consideration of the "nature and strength of a defendant's reasons for withdrawal of a plea will necessarily depend on the circumstances peculiar to the case." Munroe, 210 N.J. at 442.

---

[3] Defendant's brief on appeal addresses the first Slater factor with general assertions concerning the allegations supporting the criminal charges against him. The brief does not include a claim of innocence, colorable or otherwise, and, as noted, the record before the motion court similarly lacked any claim of innocence.

Although the motion court did not directly address the second <u>Slater</u> factor, defendant's singular reason for requesting withdrawal does not support a finding that a withdrawal is fair and just. In support of his motion, defendant erroneously asserted he had been accepted to PTI prior to his guilty plea, and he offered only a single reason supporting his withdrawal motion: he sought to withdraw his plea to pursue his admission into PTI. He did not explain how he planned to challenge the Prosecutor's Office's rejection of his PTI application, and did not address the effect of his failure to file an appeal of the rejection in the Law Division within the ten-day deadline under <u>Rule</u> 3:28(h). <u>See</u> <u>State v. Moraes-Pena</u>, 386 N.J. Super. 569, 577-78 (App. Div. 2006) (explaining <u>Rule</u> 3:28(h) requires an appeal to the Law Division within ten days of a prosecutor's rejection of a PTI application and "contemplates" that issues concerning a defendant's enrollment in PTI will be resolved prior to a guilty plea). Moreover, his withdrawal motion was bereft of any argument or evidence demonstrating that even if he could challenge the Prosecutor's Office's rejection of his application, he could satisfy his burden of establishing the rejection constituted a gross and patent abuse of discretion. <u>See</u> <u>State v. Johnson</u>, 238 N.J. 119, 128-29 (2019). Instead, defendant's motion was founded only on his claim that he sought the withdrawal of his guilty plea to "pursue" PTI admission.

When defendant entered his plea on February 6, 2017, he was aware the Prosecutor's Office had rejected his PTI application. Indeed, he acknowledged on the plea form that he reserved his right to challenge on appeal the denial of his admission into PTI. In his certification supporting his plea withdrawal motion, defendant did not claim he had been misinformed or misled about the status of his PTI application when he pleaded guilty. He stated only that he could "not recall why [his] prior attorney and [he] did not proceed with admission into PTI." Thus, the record shows that following entry of his plea, defendant simply changed his mind and decided he would like to pursue a possible admission into PTI before the Law Division. His "change of heart . . . is not an adequate basis to set aside a plea." Slater, 198 N.J. at 157 (quoting Huntley, 129 N.J. Super. at 18).

The record before the motion court did not support a finding defendant established any fair and just reasons for the withdrawal of his plea. As a result, the second Slater factor weighed against the granting of his withdrawal motion. Similarly, the third Slater factor, whether defendant's plea was pursuant to a plea agreement, id. at 158, although not entitled to "great weight," id. at 161, did not support his withdrawal request. The State relied on defendant's plea in accepting a plea with a non-custodial recommendation from his codefendant. The State

was not required to show prejudice under the fourth Slater factor because defendant did not offer sufficient proof of the other factors supporting a plea withdrawal. Id. at 162. Lacking any evidence supporting a plea withdrawal under the Slater standard, the motion court did not abuse its discretion by denying defendant's motion. We therefore affirm the court's order.

Defendant argues that his plea form expressly provided he could appeal the denial of his PTI application, and contends that despite his failure to appeal the Prosecutor's Office's rejection to the Law Division under Rule 3:28(h), we should consider his claim that the Prosecutor's Office erred by denying his application. In Moraes-Pena, we explained that an appeal of a prosecutor's denial of a PTI application should be resolved by an appeal to the Law Division prior to the entry of a plea, 386 N.J. Super. at 578, and observed that "[a] PTI appeal should not be, and is not, a collateral attack on a guilty plea," id. at 579. In our view, defendant's unexplained failure to appeal the Prosecutor's Office denial of his application to the Law Division alone requires a rejection of his challenge, for the first time on appeal, to the Prosecutor's Office's decision.

In any event, Question 4(d) on defendant's plea form asked whether defendant "[understood] that by pleading [guilty he was] not waiving [his] right to appeal . . . the denial of acceptance into [the] pretrial intervention program."

Defendant responded in the affirmative. The question appears premised on an assumption that a defendant has otherwise complied with Rule 3:28 by timely appealing a prosecutor's denial of a PTI application to the Law Division and obtaining a decision from the court upholding the prosecutor's decision. Where, as here, a defendant has not completed the process required under Rule 3:28, Question 4 perhaps inaccurately suggests that, as a condition of the plea, the defendant may appeal directly from the prosecutor's denial. Under these circumstances, we find it appropriate to also consider the merits of defendant's challenge to the Prosecutor's Office's rejection of his PTI application. See Moraes-Pena, 386 N.J. Super. at 579-80.

A prosecutor has wide discretion in making determinations on PTI applications, and those decisions will rarely be overturned. Johnson, 238 N.J. at 128; State v. Baynes, 148 N.J. 434, 443 (1997); State v. Wallace, 146 N.J. 576, 585 (1996). A prosecutor's decision denying a defendant's PTI admission is afforded a "level of deference . . . so high that it has been categorized as enhanced deference or extra deference." State v. Kraft, 265 N.J. Super. 106, 111 (App. Div. 1993); see also State v. Negran, 178 N.J. 73, 82 (2003). The reason for this elevated standard of review stems from "[t]he need to preserve

prosecutorial discretion in deciding whether to divert a particular defendant from the ordinary criminal process." State v. Nwobu, 139 N.J. 236, 246 (1995).

A prosecutor's recommendation may be reversed only if the defendant can clearly and convincingly prove the prosecutor's decision in rejecting him represents a "patent and gross abuse of discretion." Johnson, 238 N.J. at 128-29 (quoting Wallace, 146 N.J. at 582); Nwobu, 139 N.J. at 246-47; State v. Bender, 80 N.J. 84, 90 (1979). A patent and gross abuse of discretion represents "a prosecutorial decision that has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention." State in re V.A., 212 N.J. 1, 23 (2012) (quoting Wallace, 146 N.J. at 582-83).

An abuse of discretion exists if the prosecutor's decision, "(1) was not premised upon a consideration of all relevant factors, (2) was based upon a consideration of irrelevant or inappropriate factors, or (3) amounted to a clear error in judgment." Johnson, 238 N.J. at 129 (quoting State v. Roseman, 221 N.J. 611, 625 (2015)). However, a "patent and gross abuse of discretion" is "more than just an abuse of discretion as traditionally conceived." V.A., 212 N.J. at 23 (quoting Wallace, 146 N.J. at 582-83). "In order for such an abuse of discretion to rise to the level of 'patent and gross,' it must further be shown that

14

the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention." Johnson, 238 N.J. at 129 (quoting Roseman, 221 N.J. at 625). Mere judicial disagreement with the prosecutor's determination does not establish a patent and gross abuse of discretion. State v. Motley, 369 N.J. Super. 314, 323 (App. Div. 2004).

In support of his contention that the Prosecutor's Office's rejection decision constituted a patent and gross abuse of discretion, defendant claims he has worked as a mechanic, has not had any arrests during his probationary sentence, and that "[a]ll signs point toward successful completion of PTI." We have considered the Prosecutor's Office's detailed rejection letter and find no evidence its decision was not founded on a consideration of all relevant factors, was based on irrelevant or inappropriate factors or amounted to a clear error in judgment. Johnson, 238 N.J. at 129. Defendant's conclusory assertions to the contrary lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2954-17T1