902 A.2d 318

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. ELAINE D. MORAES–PENA, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 19, 2006—Decided July 20, 2006.

570

Before Judges STERN, GRALL and MINIMAN.

*Theodore J. Romankow,* Union County Prosecutor, attorney for appellant (*Carol M. Berger,* Assistant Prosecutor, of counsel; *Henry S. Goldfine,* Assistant Prosecutor, on the brief).

*Harvey Fruchter and Associates,* attorneys for respondent (*Mr. Fruchter,* on the brief).

The opinion of the court was delivered by

STERN, P.J.A.D.

This is an appeal by the State, pursuant to *R.* 3:28(f),[1] from an

---

[1] *See also R.* 2:2–3(a).

order enrolling defendant into the Pretrial Intervention Program (PTI) in Union County over the prosecutor's objection in a case involving indictable charges of third-degree assault by auto while intoxicated and fourth-degree assault by auto—leaving the scene of an accident. The enrollment was ordered after defendant's entry of a guilty plea to an accusation charging assault by auto while intoxicated in violation of *N.J.S.A.* 2C:12–1c(2).

On this appeal the State argues:

POINT I. THE LAW DIVISION INCORRECTLY HELD THAT THE STATE MAY NOT RELY ON THE CHARGES, INCLUDING THAT DEFENDANT WAS DRIVING WHILE INTOXICATED, FOR PURPOSES OF PTI REVIEW.

POINT II. THE LAW DIVISION IMPROPERLY SUBSTITUTED ITS OWN ANALYSIS OF THE PTI GUIDELINE FACTORS FOR THAT OF THE PROSECUTOR.

POINT III. THE LAW DIVISION ERRED IN NOT RECOGNIZING THAT ASSAULT BY AUTO INVOLVING A VIOLATION OF *N.J.S.A.* 39:4–50, DWI, IS AN ACT OF ... VIOLENCE, AN ACT GENERALLY WARRANTING REJECTION FROM PTI UNDER GUIDELINE 3(i).

POINT IV. THE LAW DIVISION ERRED IN OVERTURNING THE PROSECUTOR'S REJECTION OF DEFENDANT'S PTI APPLICATION, AS THE REJECTION WAS NOT A CLEAR ERROR IN JUDGMENT AND DID NOT SUBVERT THE GOALS OF THE PTI PROGRAM.

We reverse the order under review.

## I.

On December 11, 2004, defendant was charged with third-degree assault by auto while intoxicated, *N.J.S.A.* 2C:12–1c(2), fourth-degree assault by auto—leaving the scene of an accident, *N.J.S.A.* 2C:12–1.1, and five related motor vehicle offenses including (1) driving while intoxicated, *N.J.S.A.* 39:4–50; (2) refusal to submit to a breath test, *N.J.S.A.* 39:4–50.4a; (3) careless driving, *N.J.S.A.* 39:4–97; (4) leaving the scene of an accident, *N.J.S.A.* 39:4–129; and (5) failure to report an accident, *N.J.S.A.* 39:4–130.[2] Defendant's PTI application was rejected by the Pre–Trial Intervention Program on March 3, 2005. The program director based the rejection on Guidelines 2 and 3(i)(3) of *R.* 3:28, and stated:

Your offense was deliberately committed with violence or threat of violence against another person which constitutes grounds for rejection under the guidelines for

---

[2] The motor vehicle summonses are not in the record.

operation of pretrial intervention in New Jersey. You appear before the court charged with assault by auto and leaving the scene of a motor vehicle accident.

The police spoke with (5) witnesses who observed you hit the victim with your vehicle and leave the scene of the accident. You did not report the accident to the police. The victim suffered numerous injuries from the impact of your vehicle and he was transported to a trauma hospital. You did not check on the condition of the victim or offer assistance. You were careless and reckless in your behavior towards the victim.

Prior to the accident you reported to the police that you had been drinking alcoholic beverage[s] at a local drinking establishment. The victim was reported walking on the shoulder of a high volume highway and you did not observe him. The police reported to your residence based on a witness obtaining your license plate number. The police reported the detection of alcoholic beverage from your breath. The police also conducted field sobriety tests at your residence. You failed the tests and were charged with refusal to submit to the breathalyzer test.

The offense charged is of such a serious nature that it far outweighs whatever positive factors might be present in your case, and acceptance into the pretrial intervention program would deprecate the serious nature of the offense.

You have not demonstrated sufficient effort to effect necessary behavioral change as is demonstrated by your failure to provide sufficient documentation of your alien status.

The deliberate act of violence committed by your use of alcohol and driving your motor vehicle; and then leaving the scene of the accident where you left a victim lying in the street seriously injured warrant your rejection from the PTI program.

On March 9, 2005, defendant entered a negotiated guilty plea to an accusation charging assault by auto while intoxicated in exchange for the prosecutor's recommendation to dismiss the charges of assault by auto—leaving the scene, careless driving and failure to report an accident.[3] As we understand the "Plea Form," the prosecutor recommended a maximum 180–day custodial sentence as a condition of probation.[4] The "Plea Form" indicates that defendant "will appeal PTI rejection."

---

[3] The DWI and refusal charges presumably were to be remanded to municipal court, as stated in the "Plea Form." The judge so understood the agreement, as noted in his opinion hereinafter discussed.

[4] We have not been provided with a copy of the transcript of the guilty plea. The printed accusation refers to N.J.S.A. 2C:12–1b(3), but that appears to be crossed out, and refers to causing "serious bodily injury" by "driving the auto while intoxicated and striking the victim" in violation of N.J.S.A. 2C:12–1c(2).

The parties agree that on or about March 10, 2005, defendant appealed the rejection of her PTI application to the Law Division, *see R.* 3:28(h), and on March 15, 2005, the Union County Prosecutor issued a letter agreeing with the PTI rejection and indicating that "the State does not consent to defendant's admission to PTI." While recognizing that defendant had no criminal record, the prosecutor rejected the application essentially because "this defendant was clearly intoxicated, drove in a reckless manner, hit a pedestrian, and failed to stop to provide aid." [5]

After a hearing on April 12, 2005, the Law Division remanded the matter to the prosecutor to reconsider the rejection. The judge stated:

The director's notice does set forth that the police conducted . . . field sobriety tests at the defendant's residence in that she failed those tests and was charged with refusal to submit to a Breathalyzer test. It's important to note just for the record that the program director never once indicated that the reason that Ms. Mor[a]es was denied PTI was because she was intoxicated.

Needless to say, whether intoxicated or not, this offense was not one deliberately committed with violence under Guideline 3[i]. The letter sent from the State dated March 15th, 2005, does indicate that the defendant was "clearly intoxicated" and, also, that she drove recklessly, hit a pedestrian, and failed to stop and provide aid.

The initial rejection from the program director noted that the serious nature of the charge outweighed the positive factors. The Prosecutor's Office in the March 15th, 2005, letter also determined that the public would benefit from prosecution rather than diversion and that diversion of such a case would serve to undermine the efforts of the Prosecutor's Office and Union County to combat drunk driving, i.e., a diversion in this case would be contrary to the interests of society. It's quoted from Page 2 of the March 15th, 2005, letter.

[The] Prosecutor's Office, this Court believes, incorrectly stated that Guideline 3[i] states, "that if the charge[d] crime involves the threat of violence against another person, the defendant's application will be generally rejected." The State omitted the requirement of 3 [ (i)(3) ] that the offense must be deliberately—and I do emphasize that word, deliberately—committed with violence [or] with a threat thereof before the general exclusion applies.

---

The waiver of indictment and trial by jury refers to third degree assault by auto, "in violation of *N.J.S.A.* 2C:12–1c2."

[5] On April 4, 2005, the prosecutor also filed a brief in support of its position, and referred to all factors relevant to admission to PTI. *See N.J.S.A.* 2C:43–12(e).

In its letter brief, the State has outlined its consideration of Factors 1, 2, 3, 7, 10, 11, 14, and 17. While some of the facts applicable to these factors were mentioned in the initial rejection letter from the Prosecutor's Office, neither the Prosecutor's Office nor the program director made any mention of defendant's efforts regarding treatment and counselling until the State submitted its brief in connection with this appeal. . . .

That fact was not considered. Indeed, the program director wrote in the rejection notice, "you have not demonstrated sufficient effort to effect necessary behavioral change as is demonstrated by your failure to provide sufficient documentation of your alien status."

Defendant's efforts at rehabilitation were not considered, and this Court is not sure if they were not considered because they had not yet been submitted. But in light of the Prosecutor's application of Guideline 3 [ (i)(3) ] to this case and its failure to consider the defendant's attempts at rehabilitation, I am going to remand this matter to the Prosecutor's Office for reconsideration. *See STATE V. [CALI-GUIRI]*, 158 *N.J.* 28[, 37, 726 *A.*2d 912 (1999) ].

The Court recognizes that the Prosecutor's Office may decide to deny the defendant admission to PTI in light of its stance that "the drunk driving and other related statutes with which this defendant i[s] charged [were] created . . . primarily to cur[b] the senseless havoc and destruction caused by intoxicated drivers." State's brief at Page 3.

However, the Prosecutor's Office must be mindful of the Court's holding in *STATE V. RIDGEWAY [RIDGWAY]*, 208 *N.J.Super.* 118, 504 *A.*2d 1241 [ (Law Div.1985) ], that requires the State to consider the facts of the case and, while admitting that guilt is assumed for PTI purposes and the State can properly rely upon the facts that are established by the evidence, as Judge Haines pointed out, the State walks on thin ice when it begins to examine factual controversy.

At Page 127[, 504 *A.*2d 1241], the [*Ridgway* ] Court rules, the State may assume guilt when defendant claims innocence. It may not become involved in deciding other factual disputes when considering a PTI admission. Were its obligation otherwise, the State would be obliged to conduct a trial before reaching any PTI conclusion. That is not an approach to the use in a PTI proceeding.

Consequently, the State's reliance in the present case upon its version of disputed facts was improper. So the State would have to justify its use of any disputed fact in denying PTI. Furthermore, the Prosecutor's Office must balance the factors in its favor with those that show the defendant's amenability to supervision and the benefit derived from that supervision to both the defendant and to society.

After reconsideration following the trial court's April 12, 2005 decision, the prosecutor adhered to his prior position in a letter of May 2, 2005, which stated:

In fact, this Office previously cited to the Court the Appellate Division in *State v. Caliguiri* [ ], 305 *N.J.Super.* 9, 16–18, 701 *A.*2d 920 (App.Div.1997), [*aff'd as modified after remand*, 158 *N.J.* 28, 726 *A.*2d 912 (1999) ] which held that in mere

drunk driving cases, without reckless driving, without injury, it is not appropriate for the prosecutor to presumptively deny PTI based only on the nature of the offense. However, in the present case, this defendant as charged was intoxicated, drove in a reckless manner, hit a pedestrian, and failed to stop to provide aid. As stated in our previous letters, looking at this case from a perspective of the overall needs and interests of society, diversion in this case would serve to undermine the efforts of this Office and this County to combat drunk driving, i.e.[,] a diversion in this case would be contrary to the interests of society. It is imperative that it be known that persons who drink to excess and injure another will face vigorous prosecution. To permit a PTI diversion in this case would convey a message that the Courts will tolerate drunk driving behavior at the expense of the safety of the community.

So, based upon the above, this Office submits to the Court that notwithstanding *PTI Guideline* 1(c) barring this defendant from PTI, the fact is that the nature of the crime charged, considered in the light of the interests of society, mandate[s] that this Office reject this defendant from PTI—without more.

. . . .

In summary, as documented above, as well as, in this Office["]s April 4th and March 15th letters, defendant was rejected from PTI based on a close examination and weighing of both the present charges and this defendant's potential for rehabilitation, considering her education/background, family situation and her lack of prior criminal record. This Office has weighed all of the factors within *N.J.S.A.* 2C:43–12, and addressed at least the 8 . . . most relevant in its April 4th letter. This Office followed the Supervisory Treatment—PTI Statute and *R.* 3:28, Pretrial Intervention Programs, and related *PTI Guidelines* in rejecting this defendant's PTI application on March 15, and knows of no reason to reverse its position. This Office submits that its rejection of this defendant from PTI was neither arbitrary [n]or irrational, let alone a patent and gross abuse of discretion, and respectfully requests again that the Court deny this defendant's appeal.

On June 21, 2005, after a second hearing on defendant's rejection, the judge admitted defendant into the PTI program. In his opinion, the judge acknowledged the limited scope of review of the prosecution's decision and acknowledged that "a prosecutor's refusal to divert a particular defendant can in appropriate circumstances be based solely on the nature of the offense," but concluded that those circumstances are limited by Guideline 3(i). The judge then stated:

In the present case there is a factual dispute concerning whether or not the defendant was intoxicated. Therefore, the state's reliance in the present case on it[ ]s version of disputed facts i[s] improper. In the present case only one reason remains for the state's refusal to consent to enrollment. This was not a victimless crime.

As to the state's consideration of defendant as an individual which would be weighed against the one reason for refusal, the state only refers to such factors in conclusory terms.

. . . .

The state failed to analyze the statutory and guideline factors of the offense and the offender. The state did not consider whether there was [a] showing of a history of DWI offenses or any other factor which would impede her amenability to rehabilitation. They simply repeated that the nature of the offense [a]s drunk driving outweighed all other factors . . . that could be considered in defendant's favor.

This case certainly involved a victim and that fact cannot be overlooked. However, despite that fact, the defendant is entitled to consideration as an individual.

. . . .

The reasons in this case weigh heavily in favor of admitting defendant. Defendant has no prior criminal record, voluntarily underwent a substance abuse evaluation at Trinitas Hospital, completed an intake at Proceed, and began a 16–week alcohol treatment program on February 22nd, 2005.

She has demonstrated both an amenability to correction and/or responsiveness to treatment in light of the proofs submitted today that she has completed that program.

The nature of the offense notwithstanding defendant's factual basis for her plea which will not be considered in connection with this appeal was, fortunately, not as serious as it could have been. The state's brief in Footnote 1 on Page 2 asserts that the victim received a concussion, a cut under his right eye requiring ten stitches to close, and a badly bruised and swollen left leg.

The state would be hard pressed on those proofs to prove serious bodily injury or [ ]significant bodily injury. Furthermore, the consumption of two beers when compared with other DWI charges is surely not overwhelming proof of intoxication. A jury could very well find that the defendant committed a DP offense in this instance.

When weighing these facts against similar offenses, and weighing the mitigating factors applicable to the defendant, parenthetically which are the same factors that weigh in favor of her admission to PTI, the sentence of the Court if defendant went to trial and was found guilty would be no greater than the sanctions imposed if defendant was admitted to PTI.

Furthermore, defendant meets a number of the five purposes of PTI. Specifically, she meets the purposes that require provision of defendants with opportunities to avoid ordinary prosecution by receiving early rehabilitative services when such services can reasonably be expected to deter future criminal behavior by the defendant, and when there is an apparent causal connection between the offenses charged and the rehabilitative need, without which cause both the alleged offense and the need to prosecute might not have occurred.

In relation to this case, although the defendant's intoxication is disputed, her consumption of two beers is part of the res gestae of this case. The awareness of

the [e]ffects of alcohol even without legal intoxication will reasonably deter the defendant from driving after drinking.

The second purpose which is met here is that PTI is to provide an alternative to prosecution for defendants who might be harmed by the imposition of the criminal sanctions as presently administered when such an alternative can be expected to serve [as] a sufficient sanction to deter criminal conduct.

In light of the fact that the defendant still faces prosecution for DWI, even with her admission to PTI, that alternative together with the PTI conditions will serve a sufficient sanction.

Another purpose which is met here is to assist in the relief of presently overburdened criminal calendars in order to focus expenditure of criminal justice resources on matters involving serious criminality and severe correctional problems.

A trial in this case would involve medical experts regarding the victim's injuries, and alcohol experts regarding the obvious issue of defendant's consumption of alcohol and her level of impairment.

And also ... one of the other purposes met her[e] is to deter future criminal or disorderly behavior by defendant participating in pre-trial intervention.

I think the same factors which relate to the first purpose of PTI, that is to provide the defendant with opportunities to avoid ordinary prosecution, et cetera, governs this factor as well.

In light of the fact that the Court finds that the state failed to consider the individual even after two opportunities, once when she was rejected by the program director, and again when this Court remanded ... this matter for reconsideration, and, additionally, in reviewing the application, this Court finding the state placed too much emphasis on the nature of the offense by taking the position that defendant was intoxicated at the time of the offense which is a disputed fact in this case, the Court finds that the circumstances amount to a clear error in judgment, and, therefore, the objection to admittance amounts to a patent and gross abuse of discretion.

Accordingly, the judge reversed the denial of defendant's application and admitted defendant into PTI.

## II.

We comment briefly on the procedures used in this case. *R.* 3:28(h) contemplates an appeal to the Law Division following the rejection of a PTI application by the Criminal Division Manager or the Prosecutor. It provides, in relevant part:

An appeal by the defendant shall be made on motion to the Presiding Judge of the Criminal Division or to the judge to whom the case has been assigned within ten

days after the rejection and shall be made returnable at the next status conference or at such time as the judge determines will promote an expeditious disposition of the case.

[*R.* 3:28(h).]

The rule contemplates that the issue concerning enrollment into PTI shall be resolved before or at the pretrial conference and, in any event, *before* a plea or verdict. *See* Pressler, *Current N.J. Court Rules,* Guideline 6 to *R.* 3:28. If the prosecutor's position denying PTI is sustained, and the defendant decides to enter a guilty plea, he or she can then appeal the PTI decision to us notwithstanding the plea. *R.* 3:28(g) expressly provides that "[d]enial of acceptance pursuant to this rule may be reviewed on appeal from a judgment of conviction notwithstanding that such judgment is entered following a plea of guilty."

Thus, the rule contemplates the appealability to this court of the denial of PTI notwithstanding that a guilty plea normally constitutes a waiver of any issue raised, or which could be raised, before the plea is entered. *State v. Robinson,* 224 *N.J.Super.* 495, 498–99, 540 *A.*2d 1313 (App.Div.1988). It does not contemplate further proceedings at the trial level after a guilty plea is entered. *See* Pressler, *Current N.J. Court Rules,* Guideline 8 to *R.* 3:28 (detailing procedures for challenging PTI rejections). *See also Report of the Supreme Court Committee on Pretrial Intervention,* 108 *N.J.L.J.* 485, 486 (1981) (hereinafter "PTI Report").

In this case the procedure used posed additional problems. *N.J.S.A.* 2C:12–1c(2) provides that "[a]ssault by auto or vessel is a crime of the third degree if the person drives the vehicle while in violation of *R.S.* 39:4–50 [or *N.J.S.A.* 39:4–50.4a] and serious bodily injury results and is a crime of the fourth degree if the person drives the vehicle while in violation of *R.S.* 39:4–50 [or *N.J.S.A.* 39:4–50.4a] and bodily injury results." Much of what the judge said about the law of PTI and contested facts was indeed correct, *see* Pressler, *Current N.J. Court Rules,* Guideline 4 to *R.* 3:28; PTI Report, *supra,* 108 *N.J.L.J.* at 488 (PTI not to be

conditioned on admission of guilt),[6] and he questioned whether the State could sustain either the intoxication or the extent of injury. However, here defendant already admitted both a violation of *N.J.S.A.* 39:4–50 and causing serious bodily injury because she entered a guilty plea to a third degree violation of *N.J.S.A.* 2C:12–1c(2). A PTI appeal should not be, and is not, a collateral attack on a guilty plea.

Moreover, the negotiated disposition in this case involved a remand to the municipal court on lesser or lesser-included offenses, and enrollment into PTI could pose serious issues of preclusion if defendant were subsequently terminated from the program (at least if the possibility of separate prosecutions is not explored with defendant on the record before enrollment). *See R.* 3:28(c)(3). *See also, e.g., State v. Yoskowitz,* 116 *N.J.* 679, 563 *A.*2d 1 (1989); *State v. DeLuca,* 108 *N.J.* 98, 109–11, 527 *A.*2d 1355, *cert. denied,* 484 *U.S.* 944, 108 *S.Ct.* 331, 98 *L.Ed.*2d 358 (1987); *State v. Dively,* 92 *N.J.* 573, 458 *A.*2d 502 (1983); *State v. Fulford,* 349 *N.J.Super.* 183, 188, 195, 793 *A.*2d 112 (App.Div. 2002). The negotiated disposition appears to have been premised on the rejection from PTI, and the prosecutor's plea offer might not have been made if it was contemplated that defendant would be enrolled in the program. Accordingly, the PTI appeal should have been resolved in the Law Division before the guilty plea was entered.

■ We nevertheless find no waiver of defendant's enrollment application in this case. Question 20 on the plea form reveals that "[defendant] will appeal PTI rejection" was a promise or representation made "as a part of this plea of guilty." Under the circumstances, defendant's guilty plea cannot constitute a waiver of the right to challenge the prosecutor's rejection of PTI after the plea

---

6 We do not consider the situation in which the prosecutor requests or requires a guilty plea incident to giving consent to enrollment because of concern about a later termination from the program. *See R.* 3:28(c)(3),(4).

was entered. *See State v. Diloreto,* 362 *N.J.Super.* 600, 613–16, 829 *A.*2d 1123 (App.Div.), *aff'd,* 180 *N.J.* 264, 850 *A.*2d 1226 (2004).

## III.

■ We are satisfied that the prosecutor's rejection of PTI did not constitute a "patent and gross abuse of discretion." *See State v. Bender,* 80 *N.J.* 84, 93–94, 402 *A.*2d 217 (1979). *N.J.S.A.* 2C:43–12(e) provides that pretrial intervention is available to defendants charged with an indictable offense if certain criteria are met. *See N.J.S.A.* 2C:43–12(e).[7] Here the judge and parties contemplated that the DWI would be remanded to the municipal court, presumably for trial, notwithstanding that it was a lesser included offense to the third-degree aggravated assault charge. Without commenting on the practice of remanding non-indictable offenses to municipal courts incident to a guilty plea on a related indictable charge, the prosecutor's objection to enrollment can hardly be deemed a "patent and gross abuse of discretion" given the fact that the disposition of motor vehicle charges could jeopardize the indictable charges if defendant did not successfully complete the PTI program and her participation was terminated. *See R.* 3:28(c)(3); *Yoskowitz, supra,* 116 *N.J.* 679, 563 *A.*2d 1; *DeLuca, supra,* 108 *N.J.* 98, 527 *A.*2d 1355; *Dively, supra,* 92 *N.J.* 573, 458 *A.*2d 502. Furthermore, as the alleged aggravated assault includes DWI, the public policy advanced by the prosecutor must be recognized. *See State v. Kraft,* 265 *N.J.Super.* 106, 115–16, 625 *A.*2d 579 (App.Div. 1993). *See also, e.g., State v. Caliguiri,* 158 *N.J.* 28, 38–43, 726 *A.*2d 912 (1999); Guidelines for Operation of Plea Agreements in the Municipal Courts of New Jersey, Pressler, *Current N.J. Court Rules,* Appendix to Part VII, Guideline 4 at 2213 (2006) (prohibiting plea agreements in DWI cases). *Compare State v. Negran,*

---

[7] We recognize that *R.* 3:28(b) talks of "a penal or criminal offense." *See also* Pressler, *Current N.J. Court Rules,* Guideline 3(c) to *R.* 3:28 (2006); *PTI Report, supra,* 108 *N.J.L.J.* at 487; *Report of the Supreme Court's Committee on Criminal Practice,* Part III, 103 *N.J.L.J.* 417, 418 (May 3, 1979). Related non-indictable charges are often dismissed incident to enrollment into PTI.

178 *N.J.* 73, 83, 835 *A.2d* 301 (2003) (motor vehicle violations not per se basis for rejecting PTI application); *State v. McKeon,* 385 *N.J.Super.* 559, 573, 897 *A.2d* 1127 (App.Div.2006) (prior diversion in another not per se bar to PTI; defendant "may not be barred from PTI solely because of prior DWI conviction").

In any event, as our Supreme Court has said:

Throughout the [PTI] program's history, the courts have remained sensitive to the fact that diversion is a quintessentially prosecutorial function. *See, e.g., State v. Dalglish,* 86 *N.J.* 503, 513, 432 *A.2d* 74 (1981) ("Since the Legislature has established a PTI program with judicial review ... the problem of judicial interference with legislative authority has been eliminated. Nevertheless, our concern about unwarranted interference with prosecutorial prerogative persists ...."); *State v. Kraft,* 265 *N.J.Super.* 106, 111, 625 *A.2d* 579 (App.Div.1993) ("[I]t is the fundamental responsibility of the prosecutor to decide whom to prosecute ...."). It is fairly understood that the prosecutor has great discretion in selecting whom to prosecute and whom to divert to an alternative program, such as PTI. *[State v.] Leonardis [Leonardis II],* 73 *N.J.* [360,] 381, 375 *A.2d* 607 [ (1977) ].

The prosecutor's discretion is not unbridled, however. If a defendant can "clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of ... discretion," *Leonardis II, supra,* 73 *N.J.* at 382, 375 *A.2d* 607, a reviewing court may overrule the prosecutor and order a defendant admitted to PTI. *See also Dalglish, supra,* 86 *N.J.* 503, 432 *A.2d* 74 (holding that the patent and gross abuse of discretion standard applies after the adoption of the state-wide program as part of the 1979 Code of Criminal Justice). A "patent and gross abuse of discretion" is more than just an abuse of discretion as traditionally conceived; it is a prosecutorial decision that "has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention." *State v. Ridgway,* 208 *N.J.Super.* 118, 130, 504 *A.2d* 1241 (Law Div.1985) (citation omitted). In *State v. Bender,* 80 *N.J.* 84, 402 *A.2d* 217 (1979), we elaborated on the patent and gross abuse of discretion standard:

Ordinarily an abuse of discretion will be manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment. In order for such an abuse of discretion to rise to the level of 'patent and gross,' it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention.

*[Id.* at 93, 402 *A.2d* 217 (citation omitted).]

*[State v. Wallace,* 146 *N.J.* 576, 582–83, 684 *A.2d* 1355 (1996).]

The very limited scope of review is also applicable on the State's appeal from enrollment over the prosecutor's rejection, *State v. Hermann,* 80 *N.J.* 122, 127–28, 402 *A.2d* 236 (1979), and as in

*Wallace,* we cannot say that it was " 'arbitrary, irrational or otherwise an abuse of discretion' for the prosecutor to have assigned as much weight to the gravity of the offense as [he] apparently did in this case." *Wallace, supra,* 146 *N.J.* at 589, 684 *A.*2d 1355. Accordingly, we find no "patent and gross abuse of discretion" by the prosecutor.

The order admitting defendant into PTI is reversed, and the matter is remanded for further proceedings consistent with this opinion.