**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1399-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KATIUSKA ALLEN-ALVAREZ, a/k/a
KATIUSKA K. ALLENALVAREZ,
KATIUSKA K. ALLEN, and
KATIUSKA K. ALVAREZ,

    Defendant-Appellant.

_____

Submitted September 16, 2019 – Decided October 2, 2019

Before Judges Messano and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Accusation No. 17-01-0017.

Joseph E. Krakora, Public Defender, attorney for appellant (Rochelle Mareka Amelia Watson, Assistant Deputy Public Defender, of counsel and on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Milton Samuel Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

While driving under the influence of alcohol, defendant Katiuska Allen-Alvarez crashed into a utility pole, severely injuring her passenger, A.D., a close friend. The State initially charged defendant with second- and third-degree assault by auto, N.J.S.A. 2C:12-1(c)(2) and (3),[1] and she applied for entry into the Pretrial Intervention Program (PTI). Both the program director and prosecutor rejected defendant's admission, citing, in part, Guideline 3(i) of Rule 3:28, which established a presumption against PTI admission for second-degree offenders.[2] Defendant appealed.

Although the circumstances are not entirely clear from the record, while the appeal was pending, A.D. executed a "Waiver of Prosecution" indicating she wanted to "drop the charges" against defendant. Pursuant to a plea agreement,

---

[1] Assault by auto is a fourth-degree crime if bodily injury resulted while the actor was driving under the influence, N.J.S.A. 2C:12-1(c)(2), a third-degree crime if serious bodily injury resulted while the actor was driving under the influence, ibid., and a second-degree crime if serious bodily injury resulted while the actor was driving under the influence within 1000 feet of school property, N.J.S.A. 2C:12-1(c)(3)(a).

[2] At all times relevant to this appeal, N.J.S.A. 2C:43-12 and 2C:43-13 and the parallel provisions of Rule 3:28 and its related Guidelines governed the administration of PTI. The rule was repealed and replaced with Rule 3:28-1 to -10, effective July 1, 2018, and the Guidelines were eliminated. See State v. Johnson, 238 N.J. 119, 128 (2019).

defendant waived her right to indictment and pled guilty to a one-count accusation charging her with fourth-degree assault by auto. Before imposing sentence, the judge considered oral argument and denied defendant's PTI appeal.

Defendant moved for reconsideration in light of the State's dismissal of the second-degree charge. The State conceded for purposes of the motion that the offense did not occur within 1000 feet of a school, and that reconsideration was appropriate. But, the prosecutor once again rejected defendant's PTI application. The State cited by reference the additional factors it relied on in its first denial, namely: "the nature and facts of this matter . . . [were] too serious to allow defendant to avoid the criminal consequences of her actions"; "the needs and interest of the victim [and] society dictate[d] that defendant face the criminal penalties"; the nature and consequences of defendant's actions are such "that the value of supervisory treatment [was] outweighed by the public need for prosecution"; and "the harm done to society by abandoning criminal prosecution in such a matter outweighs the benefits to society from channeling defendant into a . . . supervisory treatment program . . . ." See N.J.S.A. 2C:43-12(e)(1), (2), (7), (14), and (17).

The State also based its continued rejection on Guideline 1(c) of Rule 3:28, which provided PTI was generally appropriate only for defendants charged

3

with "'victimless' offenses."  The State further relied on two additional statutory factors: defendant's actions had "injurious consequences" to the victim; and the only way to combat the societal problem of drunk driving and the injuries that result is through the criminal justice system and its penalties.  N.J.S.A. 2C:43-12(e)(10) and (11).  The State reasoned that the Guideline and statutory factors "outweigh[ed] any Guidelines or [f]actors that may weigh in favor of defendant's entry into PTI[,]" which the State had recognized in its prior rejection.

The trial judge denied the motion for reconsideration.  He rejected defendant's argument that the State failed to consider all relevant factors, particularly those that weighed in her favor, and that the prosecutor's rejection constituted "a patent and gross abuse of discretion[.]"  A second judge subsequently imposed a one-year probationary sentence on defendant, and this appeal followed.

Defendant argues in a single point:

> THE PROSECUTOR'S REJECTION OF DEFENDANT'S PTI APPLICATION WAS A PATENT AND GROSS ABUSE OF DISCRETION BECAUSE THE VICTIM CONSENTED TO PTI, THIS FOURTH-DEGREE OFFENSE LIES ON THE LOWER END OF THE SPECTRUM OF GRAVITY, AND THE TWENTY-EIGHT-YEAR-OLD APPLICANT HAD NO PRIOR CRIMINAL HISTORY AND WAS ON THE VERGE OF GRADUATING FROM COLLEGE.

We have considered this argument in light of the record and applicable legal standards. We affirm.

Because "PTI is essentially an extension of the charging decision . . . the decision to grant or deny PTI is a 'quintessentially prosecutorial function[,]' . . . entitled to a great deal of deference." Johnson, 238 N.J. at 128 (quoting State v. Roseman, 221 N.J. 611, 624 (2015)). We may reverse the prosecutor's decision to deny entry "only if the defendant 'clearly and convincingly' establishes the decision was a 'patent and gross abuse of discretion.'" Id. at 128–29 (quoting State v. Wallace, 146 N.J. 576, 583 (1996)).

> Ordinarily, an abuse of discretion will be manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgement. In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention.
>
> [Id. at 129 (quoting Roseman, 221 N.J. at 625).]

"A reviewing court 'does not have the authority in PTI matters to substitute [its own] discretion for that of the prosecutor.'" State v. Nwobu, 139 N.J. 236, 253 (1995) (alteration in original) (quoting State v. Kraft, 265 N.J. Super. 106, 112 (App. Div. 1993)); accord State v. Hoffman, 399 N.J. Super. 207, 216 (App.

5

Div. 2008) (noting the court "cannot substitute its own judgment for that of the prosecutor even when 'the prosecutor's decision is one which the trial court [or this court] disagrees with or finds to be harsh.'" (quoting Kraft, 265 N.J. Super. at 112–13)).

"[A]bsent evidence to the contrary," the prosecutor is presumed to have "considered all relevant factors" in reviewing the application. Nwobu, 139 N.J. at 249. Defendant recognizes that the prosecutor considered the relevant factors, including those that weighed in her favor. And, while she contests the weight the prosecutor gave to favorable factors, defendant first argues the prosecutor's denial was a clear error of judgment that "unduly focused on the nature of the offense and gave nominal weight to her amenability to rehabilitation and the victim's consent to PTI." She contends the State "cited no facts . . . unique or more serious" than those supporting any fourth-degree assault by auto charge, and the prosecutor "essentially employed a de facto . . . ban of admission" for defendants charged with that offense.

A "clear error of judgment" is an "error . . . that is 'based on appropriate factors and rationally explained,' but 'is contrary to the predominant views of others responsible for the administration of criminal justice.'" Nwobu, 139 N.J. at 253 (quoting State v. Dalglish, 86 N.J. 503, 510 (1981)). Such an error "must

be 'clearly unreasonable so as to shock the judicial conscience,' before it may be branded a clear error of judgment." Id. at 254 (quoting State v. Roth, 95 N.J. 334, 365 (1984)). We certainly cannot reach that conclusion in this case.

The State referenced facts in the record and related them to the appropriate PTI factors. The prosecutor's reasons demonstrate substantive consideration of the particular concerns of defendant's case and their social ramifications, as well as the factors that mitigated in defendant's favor, including the victim's desire that defendant be admitted into PTI. We will not second guess the prosecutor's discretionary weighing of those factors in reaching his decision.

Defendant argues our holding in State v. Munos, which also involved a fourth-degree prosecution for assault by auto, squarely controls this case. 305 N.J. Super. 9, 15–17 (App. Div. 1997). There, in reversing the defendant's rejection from PTI, we held the prosecutor "had used a categorical rejection . . . based on the offense . . . namely, an automobile accident in which the driver was found to have been under the influence." Id. at 17.

However, in Munos, the accident occurred only because the defendant was trying to avoid colliding with another car, and there was no evidence of any other "reckless driving factors" that might have caused the accident. Ibid. We

also noted that "[t]he prosecutor clearly failed to analyze the statutory and guideline factors of the offense and the offender."  Ibid.

In State v. Moraes-Pena, where the defendant pled guilty to third-degree assault by auto under N.J.S.A. 2C:12-1(c)(2), we reversed the trial court's decision admitting the defendant into PTI over the prosecutor's objection.  386 N.J. Super. 569, 571, 582 (App. Div. 2006).  We specifically noted that the prosecutor did not abuse his discretion, much less patently and grossly abuse his discretion, by "hav[ing] assigned as much weight to the gravity of the offense as [he] apparently did in this case."  Id. at 582 (second alteration in original) (quoting Wallace, 146 N.J. at 589).  We reach the same conclusion in this case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION