**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5266-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHARDAI L. SANTOS,

     Defendant-Appellant.

_____

Submitted December 5, 2019 – Decided December 20, 2019

Before Judges Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 16-12-3331.

Joseph E. Krakora, Public Defender, attorney for appellant (Michael Timothy Denny, Assistant Deputy Public Defender, of counsel and on the briefs).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Linda Anne Shashoua, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Shardai L. Santos appeals from the July 18, 2017 judgment of conviction of third-degree witness tampering, N.J.S.A. 2C:28-5(a)(2), and the sentence imposed by the Law Division. We affirm.

I.

The following facts are derived from the record. On June 11, 2016, defendant posted digital images of confidential police reports on a social media site available for public viewing. The reports identified by name a cooperating witness in an ongoing homicide investigation. Defendant labeled the witness, her former boyfriend, a "snitch." The reports also contained the witness's birthdate and address, and a summary of the statement he gave to police implicating someone in the homicide. Defendant sent the witness a text stating she posted his identifying information because he was not to be trusted and she wanted those with whom he associated to be aware that he "could possibly tell on" them.

A grand jury indicted defendant, charging her with: (1) third-degree witness tampering, N.J.S.A. 2C:28-5(a)(2); and (2) third-degree terroristic threats, N.J.S.A. 2C:12-3(a).

Defendant applied for admission into the pretrial intervention program (PTI). On March 8, 2017, a Senior Probation Officer (SPO), acting on behalf of

the PTI program director, issued a written statement declining to recommend defendant's admission to PTI. The statement noted because defendant was charged with making a threat of violence, pursuant to Guideline 3(i)(3), she would ordinarily be denied admission into PTI in the absence of compelling facts supporting admission.[1] The SPO then discussed the factors set forth in N.J.S.A. 2C:43-12(e) to be considered when reviewing an application for admission to PTI. After acknowledging defendant's young age and lack of serious criminal record, the SPO determined the serious nature of the charges, the interests of the public in protecting the identity of cooperating witnesses in homicide investigations, the interests of the victim, and the potential consequences of revealing the identity and address of a cooperating witness militated against granting defendant's application. The SPO concluded

> [t]o allow this defendant into the PTI program diminishes the seriousness of the act and in essence conveys to the public that threats to witnesses will not only be tolerated but given minimal consequences. This type of message will thwart cooperative efforts with law enforcement.

---

[1] At all times relevant to this appeal, N.J.S.A. 2C:43-12 and 2C:43-13 and the parallel provisions of Rule 3:28 and its related Guidelines governed the administration of PTI. The rule was repealed and replaced with Rule 3:28-1 to -10, effective July 1, 2018, and the Guidelines were eliminated. See State v. Johnson, 238 N.J. 119, 128 (2019). We apply the Rule and Guidelines in effect at the time of defendant's application.

. . . .

> Please be advised that you have ten (10) days from receipt of this letter to appeal the decision of the program.

Defendant did not appeal the SPO's denial of her PTI application.

On April 10, 2017, defendant entered a guilty plea to third-degree witness tampering. Pursuant to a negotiated plea agreement, in exchange for defendant's plea, the State agreed to dismiss the remaining count of the indictment and recommend a five-year term of noncustodial probation. At the plea allocution, defendant admitted she posted the information in an effort to keep the witness from testifying and to otherwise thwart his cooperation in the homicide investigation.

Prior to sentencing, defendant moved to vacate her guilty plea. She argued she had a meritorious defense to the charges because she had proof the victim hacked her social media account and posted the digital images to frame defendant. The trial court denied defendant's motion, finding she produced no evidence demonstrating a meritorious defense, and questioning the plausibility of the victim voluntarily publicly identifying himself as a cooperating witness in a homicide investigation and posting his personal identifying information.

4

At sentencing, the court found aggravating factors three, N.J.S.A. 2C:44-1(a)(3), a risk defendant will commit another offense; and nine, N.J.S.A. 2C:44-1(a)(9), the need to deter defendant and others from violating the law. The court found mitigating factors seven, N.J.S.A. 2C:44-1(b)(7), defendant led a law-abiding life for a substantial period of time before committing the offense; nine, N.J.S.A. 2C:44-1(b)(9), defendant's character and attitude indicate she is unlikely to commit another offense; and ten, N.J.S.A. 2C:44-1(b)(10), defendant is particularly likely to respond to probationary treatment. The court determined the aggravating factors outweighed the mitigating factors and imposed a five-year noncustodial term of probation.

This appeal followed. Defendant makes the following arguments for our consideration:

> POINT I
>
> THE PTI APPLICATION SHOULD BE RECONSIDERED BECAUSE THE CAMDEN COUNTY PROSECUTOR GAVE NO CONSIDERATION WHATSOEVER TO THE APPLICATION.
>
> A. OUR LAW REQUIRES THE PROSECUTOR TO EVALUATE A PTI APPLICATION BASED ON AN INDIVIDUALIZED ASSESSMENT OF THE APPLICANT'S AMENABILITY TO REHABILITATION, AND TO FOLLOW THE PRESCRIBED PROCEDURES THAT ENSURE

BOTH MEANINGFUL CONSIDERATION OF APPLICANTS AND MEANINGFUL APPELLATE REVIEW.

B. THE PROSECUTOR'S FAILURE TO PROVIDE A STATEMENT OF REASONS FOR REJECTING MS. SANTOS IS PALPABLY DEFICIENT AS IT FAILS TO PROVIDE ANY REASONS – LET ALONE VALID ONES – FOR WITHHOLDING CONSENT TO ENTER PTI.

POINT II

THE FIVE-YEAR PROBATIONARY SENTENCE WAS MANIFESTLY EXCESSIVE, REQUIRING A REMAND FOR RESENTENCING.

II.

The criteria for admission to PTI, as well as the procedures concerning applications for admission to the program, are set forth in N.J.S.A. 2C:43-12 to -22 and, at the time of defendant's application, Rule 3:28 (repealed July 1, 2018). Admission to PTI is conditioned on "the consent of the prosecutor and upon written recommendation of the program director . . . ." N.J.S.A. 2C:43-12(e).

> If the applicant desires to challenge the decision of a program director not to recommend, or a prosecutor not to consent to, enrollment into a supervisory treatment program, a motion shall be filed before the designated judge (or assignment judge) authorized pursuant to the Rules of Court to enter such orders.
>
> [N.J.S.A. 2C:43-12(f) (emphasis added).]

A-5266-17T4

According to Rule 3:28(h) (repealed July 1, 2018),

> [a]n appeal by the defendant shall be made on motion to the Presiding Judge of the Criminal Division or to the judge to whom the case has been assigned within ten days after the rejection . . . .

The Rule "contemplates an appeal to the Law Division following the rejection of a PTI application by the Criminal Division Manager [or his or her designee] or the Prosecutor." State v. Moraes-Pena, 386 N.J. Super. 569, 577 (App. Div. 2006); see also Guideline 8 (repealed July 1, 2018) ("If a defendant desires to challenge the decision of a criminal division manager not to recommend enrollment . . . into a PTI program, a motion must be filed before the designated judge . . . authorized to enter orders under R. 3:28.") After a conviction, a trial court decision upholding the denial of admission to PTI may be reviewed by this court. R. 3:28(g) (repealed July 1, 2018); State v. Waters, 439 N.J. Super. 215, 223 (App. Div. 2015).

There is, however, no legal support for defendant's argument that she may challenge before this court the SPO's decision not to recommend her admission into PTI without first appealing that decision to the trial court. Defendant had the opportunity to raise any perceived flaws in the SPO's decision in a motion to the trial court, which had the authority to admit defendant to PTI over the prosecutor's objection. Defendant instead elected to enter a guilty plea pursuant

7

to a negotiated plea agreement. Having failed to seek review by the trial court of the denial of her application for admission to PTI, defendant may not raise the issue for the first time before this court.

We also reject defendant's argument that her sentence is excessive. We review sentencing determinations for abuse of discretion. State v. Robinson, 217 N.J. 594, 603 (2014) (citing State v. Roth, 95 N.J. 334, 364-65 (1984)). The sentencing court must "undertake[] an examination and weighing of the aggravating and mitigating factors listed in [N.J.S.A.] 2C:44-1(a) and (b)." Roth, 95 N.J. at 359; State v. Kruse, 105 N.J. 354, 359 (1987). Furthermore, "[e]ach factor found by the trial court to be relevant must be supported by 'competent, reasonably credible evidence'" in the record. State v. Fuentes, 217 N.J. 57, 72 (2014) (quoting Roth, 95 N.J. at 363).

We accord deference to the sentencing court's determination. Id. at 70 (citing State v. O'Donnell, 117 N.J. 210, 215 (1989)). We must affirm defendant's sentence unless

> (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."

[Ibid. (quoting Roth, 95 N.J. at 364-65).]

We are satisfied the judge's findings and balancing of the aggravating and mitigating factors are supported by adequate evidence in the record, and the sentence is neither inconsistent with sentencing provisions of the Code of Criminal Justice nor shocking to the judicial conscience. See Ibid.; State v. Bieniek, 200 N.J. 601, 608 (2010); State v. Cassady, 198 N.J. 165, 180-81 (2009). Five years of noncustodial probation is consistent with the gravity of defendant's criminal conduct. As the trial court noted, defendant's actions put the witness in danger and undermined the efforts of law enforcement to encourage cooperation from the community in the investigation and prosecution of serious criminal activity.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5266-17T4