**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1034-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JUAN A. LEMA, a/k/a
JUAN LEMA,

     Defendant-Appellant.

_____

Submitted February 7, 2024 – Decided February 29, 2024

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey,
Law Division, Middlesex County, Indictment No.
22-06-0579.

Jennifer Nicole Sellitti, Public Defender, attorney for
appellant (Daniel S. Rockoff, Assistant Deputy Public
Defender, of counsel and on the brief).

Yolanda Ciccone, Middlesex County Prosecutor,
attorney for respondent (Erin M. Campbell, Assistant
Prosecutor, of counsel and on the brief).

PER CURIAM

Shortly after 11:00 p.m. on April 16, 2021, State Police troopers were dispatched to the scene of an accident on Route 287 in North Plainfield. Defendant Juan A. Lema had driven his Volkswagen GTI into the rear of a white KIA SUV, causing the driver to lose control, strike a Lexus sedan and spin into the guardrail. The KIA was undriveable and both occupants were transported to the hospital with complaints of head and neck pain. The Lexus sustained minor damage. Defendant's car was totaled.

Defendant, who told the troopers he and his brother were on the way home after having had three beers in a bar, failed field sobriety tests. Troopers found two open beer cans and four unopened cans in the floor of the front passenger seat. After refusing to provide a breath sample, defendant was charged with fourth-degree assault by auto while driving under the influence or refusing a breath test, N.J.S.A. 2C:12-1(c)(2). He also received tickets for driving under the influence, N.J.S.A. 39:4-50; refusal, N.J.S.A. 39:4-50.4(a); reckless driving, N.J.S.A. 39:4-96; consumption of alcohol while driving, N.J.S.A. 39:4-51(a); having an open container of alcohol, N.J.S.A. 39:4-51(b); and refusing to consent to take samples of breath, N.J.S.A. 39:4-50.2(a).

Defendant applied for entry into the Pretrial Intervention Program (PTI). Both the program director and the prosecutor rejected defendant's admission,

relying, in part, on defendant having caused a serious accident on a heavily trafficked highway while driving under the influence of alcohol, resulting in personal injuries to other motorists and significant property damage.

The report from the program noted "defendant would have been a suitable candidate for PTI" in light of his age (defendant was twenty-five at the time of the accident), his lack of criminal record and the fourth-degree charge, but those considerations were outweighed by the seriousness of the accident and that assault by auto while driving intoxicated is not a "victimless crime," see Guideline 1(c) of former Rule 3:28, providing among the purposes of pretrial intervention was "a mechanism for permitting the least burdensome form of prosecution possible for defendants charged with 'victimless offenses.'"[1] The report concluded "[t]he needs and interest of society . . . would not be met" by admitting defendant into PTI, as it "would only appear to lessen the severity of the offense" of assault by auto while driving under the influence.

---

[1] Rule 3:28 was repealed and replaced with Rule 3:28-1 to -10, effective July 1, 2018, eliminating the Guidelines for PTI provided in the former rule. See State v. Johnson, 238 N.J. 119, 128 (2019).

A-1034-22

The prosecutor agreed with the director's decision. In a comprehensive letter to defendant's counsel, the prosecutor identified those factors weighing in favor of defendant's admission, as well as those weighing against and noted others "that do not weigh for or against admission." Although noting that "defendant's offense appears to be an aberration," and "defendant does not have a history of physical violence," the prosecutor asserted that "[a]ssault by auto is an inherently violent crime," and "[t]he needs and interests of the victims and society weigh heavily against the defendant's admission into PTI" as it "would send a message that drunk driving and its oftentimes criminal consequences are tolerated."

Defendant appealed contending the prosecutor based her decision "largely on the offense charged" and failed to adequately consider the N.J.S.A. 2C:43-12(e) factors. Specifically, defendant contended the State had failed to explain what made defendant's "offense any more egregious than similar cases where the defendant has been allowed to enter the Pre-trial Intervention Program," noting that driving under the influence "is not even a criminal offense; it is a Title 39 violation."

Judge Buck rejected defendant's argument that the State failed to consider all relevant factors, and that the prosecutor's rejection constituted "a

patent or gross abuse of discretion." The judge found "the State's rejection was premised on relevant factors and did not amount to a clear error in judgment." The judge disagreed with defendant that the State was "required to provide a reason why the nature of the offense is any more egregious than similar cases where the defendant has been allowed to enter the Pre-Trial Intervention Program." The judge underscored the "violent and reckless nature of the offense [of] assault by auto" and the State's "strong protective interest in deterring society from drinking and driving."

The judge pointed out that driving while intoxicated and refusal to provide a breath sample "are some of the only offenses that you're not allowed to plea bargain" in municipal court,[2] demonstrating "the State does actually look at offenses that are combined with DWI or with refusal in a much different way and [it's] allowed to." Reviewing the factors the State considered and those defendant contended should have been weighed in his favor, the judge concluded defendant could not meet his burden to show "that

---

[2] Following an amendment to N.J.S.A. 39:4-50 effective February 19, 2024, L. 2023, c. 191, §2, the Supreme Court on February 23, 2024, issued an order repealing "Guideline 4" that had disallowed plea agreements "in driving under the influence of liquor or drug offenses." Sup. Ct. of N.J., Order on New Jersey Rules of Court, Part VII, Guideline 4 (Feb. 23, 2024).

A-1034-22

the State's decision to reject him from PTI was a patent or gross abuse of discretion."[3]

Defendant appeals raising the following arguments:

POINT I

THIS COURT SHOULD REVERSE THE DENIAL OF LEMA'S PTI APPLICATION, AND EITHER ADMIT HIM INTO PTI, OR REMAND FOR A FRESH LOOK.

1. Middlesex County improperly considered the age of a defendant under 26 at the time of the offense to be an aggravating factor warranting rejection from PTI instead of as a mitigating factor, in violation of N.J.S.A. 2C:43-12e(3) and N.J.S.A. 2C:44-1b(14).

2. Middlesex County improperly failed to consider the defendant's amenability to treatment for alcoholism as a factor warranting admission into PTI, notwithstanding the relevance of treatability to N.J.S.A. 2C:43-12e(5), (6), (11), (14), and (17).

3. Middlesex County improperly applied a presumption against admission for this fourth-degree offense that does not exist in the text of R. 3:28-1 et seq. or N.J.S.A. 2C:43-12.

---

[3] Defendant was subsequently indicted on two counts of fourth-degree assault by auto, N.J.S.A. 2C:12-1(c)(2). He entered a negotiated guilty plea to one of the counts and to a motor vehicle violation of refusal, and the judge sentenced him in accordance with the agreement to two years of non-custodial probation with appropriate fees and penalties. The remaining count of the indictment and the other tickets were dismissed.

6

Having reviewed the record, we find these arguments to be entirely without merit.

As our Supreme Court reminds us at regular intervals, because "PTI is essentially an extension of the charging decision, . . . the decision to grant or deny PTI is a 'quintessentially prosecutorial function.'" State v. Johnson, 238 N.J. 119, 128 (2019) (quoting State v. Roseman, 221 N.J. 611, 624 (2015) (quoting State v. Wallace, 146 N.J. 576, 582 (1996))). And "because it is the fundamental responsibility of the prosecutor to decide whom to prosecute," and "a primary purpose of PTI to augment, not diminish, a prosecutor's options," State v. Kraft, 265 N.J. Super. 106, 111 (App. Div. 1993), "the prosecutor has great discretion in selecting whom to prosecute and whom to divert to an alternative program, such as PTI," State v. Wallace, 146 N.J. 576, 582 (1996).

We are to afford the prosecutor's decision on diversion to PTI an "enhanced" or "extra" level of deference, State v. Baynes, 148 N.J. 434, 443 (1997), in accord with the Court's "expectation that 'a prosecutor's decision to reject a PTI applicant will rarely be overturned,'" ibid. (quoting Wallace, 146 N.J. at 585) (internal quotation marks omitted). "A defendant attempting to overcome a prosecutorial veto must 'clearly and convincingly establish that the

prosecutor's refusal to sanction admission into a PTI program was based on a patent and gross abuse of his discretion' before a court can suspend criminal proceedings under Rule 3:28 without prosecutorial consent." State v. Negran, 178 N.J. 73, 82 (2003) (internal quotation marks omitted) (quoting State v. Nwobu, 139 N.J. 236, 246 (1995)).

A prosecutor will have abused her discretion when the "prosecutorial veto (a) was not premised on a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment." Wallace, 146 N.J. at 583 (quoting State v. Bender, 80 N.J. 84, 93 (1979)). The error complained of rises to the level of a "patent and gross abuse of discretion" when the prosecutor's abuse of discretion "will clearly subvert the goals underlying Pretrial Intervention." Ibid. Defendant falls far short of satisfying that standard here.

Taking defendant's arguments in the order he raised them, we might agree a prosecutor should not hold a defendant's age against him in deciding whether to admit him to PTI. Defendant's contention the prosecutor did so here, however, is nothing more than a straw man argument.[4] In addressing

_____

[4] See Kaye v. Rosefielde, 432 N.J. Super. 421, 478, n.30 (App. Div. 2013) (explaining that "the technique of setting up an argument that does not exist

factor three, N.J.S.A. 2C:43-12(e)(3), "[t]he motivation and age of the defendant," the prosecutor merely noted "defendant is a 26 year-old male with seemingly poor decision making. The defendant chose to drive on a busy highway despite being intoxicated from multiple drinks." The simple statement noting defendant's age did not, as defendant alleges, represent an aggravating factor in the prosecutor's calculus. Defendant's argument to the contrary is meritless.

Defendant's contention that the prosecutor "improperly failed to consider the defendant's amenability to treatment for alcoholism as a factor warranting admission into PTI, notwithstanding the relevance of treatability to N.J.S.A. 2C:43-12(e)(5), (6), (11), (14), and (17)," ignores the absence of evidence in the record he suffers from alcoholism. Defendant reported he began smoking marijuana at eighteen and smoked daily, but consumed alcohol only "occasionally," and that his last drink was ten days before the interview.

Although arguing on the motion that the prosecutor didn't "adequately consider[] the depth of [defendant's] addiction," defendant did not submit an alcohol evaluation — notwithstanding the report of criminal case management

---

and then refuting that misrepresented argument is called the 'straw man' fallacy") (quoting Canesi v. Wilson, 158 N.J. 490, 518 (1999) (O'Hern, J., concurring)), rev'd on other grounds, 223 N.J. 218, 238 (2015).

that defendant had only "a mild history of substance abuse," which did not support the State ordering its own alcohol evaluation. Defense counsel further argued on the motion that "we don't know for a fact that [defendant] was actually intoxicated," undercutting his claim here that it was a proximate cause of the offense. The prosecutor cannot be faulted for the failure to consider an "alcohol addiction" not revealed by defendant as a factor in the offense or in his functioning.

Finally, we reject defendant's argument that the prosecutor "improperly applied a presumption against admission for this fourth-degree offense." Leaving aside that defendant's prime argument in the trial court was the State's failure to explain "what makes the nature of the offense any more egregious than similar cases where the defendant has been allowed to enter" PTI, suggesting the County did not maintain a presumption against admission for first-time offenders charged as defendant was, we cannot find a "patent and gross abuse of discretion" in the prosecutor's refusal to admit defendant to PTI.

Judge Buck recognized, as we have, that the State looks at criminal offenses combined with driving under the influence differently than others because of the danger to the public presented by drunk drivers. See State v. Moraes-Pena, 386 N.J. Super. 569, 580 (App. Div. 2006) (holding "as the

10

alleged aggravated assault includes DWI, the public policy advanced by the prosecutor must be recognized").  Applying our narrow standard of review, we cannot find it was "'arbitrary, irrational or otherwise an abuse of discretion' for the prosecutor to have assigned as much weight to the gravity of the offense as she apparently did in this case."  Wallace, 146 N.J. at 589.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-1034-22