SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.

## State v. Davon M. Johnson (A-58-17) (080394)

**Argued March 11, 2019 -- Decided May 30, 2019**

**TIMPONE, J., writing for the Court.**

This appeal arises from defendant Davon M. Johnson's unsuccessful application for pretrial intervention (PTI), filed in anticipation of his indictment for third-degree possession of a controlled dangerous substance (CDS) within 1000 feet of a school zone, N.J.S.A. 2C:35-7(a). Both the presumption against PTI for second-degree offenses and the presumption against PTI for the sale of narcotics were cited in the denial of his application. The Court considers whether those presumptions should have been applied in this case.

In May 2014, defendant was charged with motor vehicle and CDS offenses, including violation of N.J.S.A. 2C:35-7(a). He applied for PTI and included a statement of compelling reasons supporting his admission. The prosecutor rejected defendant's application. She relied on State v. Caliguiri, 158 N.J. 28, 43 (1999), which permitted prosecutors to treat an N.J.S.A. 2C:35-7 offense as a second-degree offense, thereby triggering the presumption against admission into PTI. And, quoting PTI Guideline 3(i), the prosecutor found defendant presumptively ineligible for PTI because he was charged with the "sale or dispensing" of a Schedule I or II narcotic and was not drug dependent.

Following the denial of his application, a grand jury indicted defendant. Defendant appealed the denial to the trial court, which refused to disturb the prosecutor's determination. Defendant then entered a guilty plea to third-degree possession of heroin. He appealed to the Appellate Division, arguing the prosecutor incorrectly applied the two presumptions against PTI. When that appeal was unsuccessful, defendant petitioned for certification, which the Court granted. 233 N.J. 23 (2018).

**HELD:** The 2009 amendments to N.J.S.A. 2C:35-7's sentencing structure reflect a more flexible sentencing policy that renders Caliguiri's reasoning no longer viable. The presumption against PTI for second-degree offenders cannot be applied to N.J.S.A. 2C:35-7(a) offenders. And the presumption against PTI for the "sale" of narcotics was not applicable here because defendant was charged with possession with intent to "distribute" and there is no allegation or evidence that he sold the narcotics. The decision to deny defendant's application must be reevaluated.

1

1.  PTI is a diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.  At the time defendant's PTI application was denied, Guideline 3 to Rule 3:28 included a list of mandatory factors to be considered in addition to those enumerated in N.J.S.A. 2C:43-12(e).  Of particular relevance here, Guideline 3(i) then provided that "[a] defendant charged with a first or second degree offense or sale or dispensing of Schedule I or II narcotic drugs . . . should ordinarily not be considered for enrollment in a PTI program." Guideline 3(i) to Rule 3:28 (2014).  (pp. 9-11)

2.  The penalty structure for violations of N.J.S.A. 2C:35-7, which is part of the Comprehensive Drug Reform Act of 1987 (CDRA), is similar to that for second-degree offenses for which admission to PTI is presumptively unavailable.  In Caliguiri, the Court found the "especially stern punishments" for N.J.S.A. 2C:35-7 offenders, "[i]n light of the general tenor of the CDRA and the goals of the PTI Guidelines," countenanced allowing prosecutors to apply the presumption against PTI to second-degree offenders.  158 N.J. at 43. But that decision was based on a sentencing structure that has since evolved.  In 2009, the Legislature altered N.J.S.A. 2C:35-7 by enacting a new subsection (b), which authorizes courts to "waive or reduce the minimum term of parole ineligibility required under subsection a.," or to "place the defendant on probation."  Caliguiri's determination that the presumption against PTI for first- and second-degree offenses should encompass third-degree school zone offenses, although well-reasoned at the time, is no longer consistent with the Legislature's intent.  Based on the changed statutory language and the Legislature's clear intent in amending N.J.S.A. 2C:35-7, the presumption against PTI for first- and second-degree offenders can no longer be applied to N.J.S.A. 2C:35-7(a) offenders.  Because the prosecutor relied, in part, on that presumption, the Court remands to the prosecutor to reconsider defendant's application.  The Court disturbs no other portion of Caliguiri.  (pp. 12-15)

3.  The presumption against PTI for the "sale or dispensing" of a Schedule I or II narcotic, as it was set forth in Guideline 3(i), is also inapplicable.  N.J.S.A. 2C:35-7(a) uses the terms "distribute" and "dispense" but does not use the term "sale."  Possession with intent to distribute is not technically a sale, nor is it "dispensing."  Defendant was not charged with selling or dispensing narcotics because there was no evidence that he sold or dispensed narcotics.  Imputing a presumption against PTI for a "sale" to defendant, who was charged with "possession with intent to distribute," was improper.  Because the prosecutor considered two inapplicable presumptions, the decision to deny defendant's application must be reevaluated.  The Court remands to the prosecutor and, if need be, to the trial court for appropriate action following the prosecutor's review.  (pp. 15-16)

**The judgment of the Appellate Division is reversed and the matter is remanded.**

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON join in JUSTICE TIMPONE'S opinion.**

# SUPREME COURT OF NEW JERSEY
## A-58 September Term 2017
### 080394

State of New Jersey,

Plaintiff-Respondent,

v.

Davon M. Johnson,

Defendant-Appellant.

On certification to the Superior Court,
Appellate Division.

| Argued | Decided |
| --- | --- |
| March 11, 2019 | May 30, 2019 |

Peter T. Blum, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Peter T. Blum, of counsel and on the briefs).

Kayla Elizabeth Rowe, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Kayla Elizabeth Rowe, of counsel and on the briefs).

JUSTICE TIMPONE delivered the opinion of the Court.

1

This appeal arises from defendant Davon M. Johnson's unsuccessful application for pretrial intervention (PTI), filed in anticipation of his indictment for third-degree possession of a controlled dangerous substance (CDS) within 1000 feet of a school zone, N.J.S.A. 2C:35-7(a). The significant question before us is whether the presumption against PTI for second-degree offenses or the presumption against PTI for the sale of narcotics should have been applied in this case.

In State v. Caliguiri, we recognized the presumption against PTI for second-degree offenses could be applied to N.J.S.A. 2C:35-7 offenders because, at the time, a school-zone conviction required the imposition of a period of parole ineligibility. 158 N.J. 28, 37-38, 42-43 (1999). We observed that "[t]he penalty structure for this type of offense [was] similar to that for second-degree offenses for which admission to PTI is presumptively unavailable." Id. at 43 (quoting State v. Baynes, 148 N.J. 434, 449 (1997)). Since Caliguiri was decided, the Legislature amended N.J.S.A. 2C:35-7, modifying and relaxing the statute's sentencing structure. See L. 2009, c. 192, § 1. While maintaining the statute's mandatory-minimum sentencing structure, the Legislature granted courts the latitude to waive or reduce the period of parole ineligibility or impose a term of probation under certain circumstances. Ibid.

2

We find that the 2009 amendments to N.J.S.A. 2C:35-7's sentencing structure reflect a more flexible sentencing policy that renders Caliguiri's reasoning no longer viable. Accordingly, we hold the presumption against PTI for second-degree offenders cannot be applied to N.J.S.A. 2C:35-7(a) offenders.

We also find that the presumption against PTI for the "sale" of narcotics was not applicable here because defendant was charged with possession with intent to "distribute" and there is no allegation or evidence that he sold the narcotics.

Despite the prosecutor's dutiful consideration of defendant's application for PTI, including the factors set forth in N.J.S.A. 2C:43-12(e), both presumptions were cited in the denial of his application. We remand so that the prosecutor can reassess defendant's application without consideration of the presumptions.

## I.

### A.

We distill the following facts from the record in the PTI proceedings. On May 18, 2014, defendant was driving through Newark when he was stopped by a Newark police officer for running a red light. As defendant reached into the glove compartment for his credentials, three bricks of heroin

3

fell to the floor.  Each brick contained 150 individual bags of heroin.

Defendant was charged with third-degree possession of heroin, N.J.S.A.

2C:35-10(a)(1), third-degree possession of heroin with intent to distribute,

N.J.S.A. 2C:35-5(b)(3), and third-degree possession of heroin with intent to

distribute within 1000 feet of a school zone, N.J.S.A. 2C:35-7.  He was also

charged with two motor vehicle violations for his failure to observe the red

light, N.J.S.A. 39:4-81, and for the possession of a CDS in a motor vehicle,

N.J.S.A. 39:4-49.1.

On July 10, 2014, defendant applied for PTI and included a two-page

statement of compelling reasons supporting his admission in accord with

Guideline 2 to Rule 3:28 (2014).  Since the Guidelines were eliminated in

2018, Rule 3:28-3(b)(1) now provides for the submission of a statement of

compelling reasons.  As defendant's letter explained, defendant, who was

twenty-one years old at the time of his arrest, had no prior criminal history,

graduated from high school, matriculated into Bloomfield College where he

studied accounting, worked on a cabin maintenance and cleaning team at

Newark Liberty International Airport, and spent time with his younger sisters,

nieces, and nephews.  In the statement, defendant asserted PTI would be

sufficient to deter any future unlawful conduct, and an indictable conviction

would cause a substantial hardship to him and his family by inhibiting his chances of completing college and obtaining employment.

After reviewing defendant's application and statement, the Probation Office recommended defendant's application for PTI be denied. Highlighting that defendant was found with 150 glassine envelopes of heroin and reported no history of substance abuse, the Probation Office reasoned his application should be denied "[b]ased on the facts of the case and the likelihood of the present offense being a part of an organized criminal activity as well as a pattern of anti-social activity."

On November 7, 2014, the prosecutor rejected defendant's application for PTI. She found five of the N.J.S.A. 2C:43-12(e) factors to be aggravating factors. In particular, the prosecutor found defendant presumptively ineligible for PTI under N.J.S.A. 2C:43-12(e)(1) based on the nature of the offense. She relied on our decision in Caliguiri, 158 N.J. at 43, permitting prosecutors, for PTI evaluation purposes, to treat an N.J.S.A. 2C:35-7 offense as a second-degree offense, thereby triggering the presumption against admission into PTI. And, quoting Guideline 3(i), the prosecutor found defendant was also presumptively ineligible for PTI because he was charged with the "sale or dispensing" of a Schedule I or II narcotic and was not drug dependent.

5

The prosecutor found several mitigating factors present in defendant's case, including defendant's age; his lack of criminal history; the absence of violence in commission of the crime; the absence of evidence suggesting defendant's involvement with organized crime; and the absence of other defendants. See N.J.S.A. 2C:43-12(e)(3), (9), (10), (13), and (16). Weighing the factors, the prosecutor determined that defendant had "not presented sufficient compelling reasons justifying admission into PTI," and that he had failed to "overcome his heavy burden of rebutting the presumptions against his admission." Following the denial of his application, an Essex County Grand Jury indicted defendant on January 9, 2015, on the charges contained in the original compliant.

B.

On March 23, 2015, before trial, defendant filed an untimely appeal to the Law Division, seeking review of the denial of his PTI application. The trial court refused to disturb the prosecutor's determination. In addition to finding the appeal procedurally barred under the then-existing Rule 3:28(h), which required an appeal of the denial of PTI to be filed within ten days (now codified in Rule 3:28-6(a)), the court found defendant did not establish that the prosecutor failed to conduct an individualized analysis of his PTI application. The court also found the prosecutor correctly applied the presumption against

PTI because the prosecutor charged defendant under N.J.S.A. 2C:35-7 (possession of controlled dangerous substances near or on school property). The court reasoned defendant's application was properly denied because he failed to show compelling reasons demonstrating his amenability to rehabilitation or something idiosyncratic in his background that would overcome the presumption against admission.

Three months later, defendant entered a guilty plea to third-degree possession of heroin, N.J.S.A. 2C:35-10(a)(1). The court sentenced defendant to two years' probation and 190 hours of community service.

C.

Defendant appealed to the Appellate Division, arguing the prosecutor incorrectly applied the two presumptions against admission into PTI. Defendant asserted that the presumption against PTI for N.J.S.A. 2C:35-7 offenders was no longer viable in light of amendments made to that statute in 2009. He also disputed the prosecutor's application of the presumption against PTI for the "sale or dispensing" of narcotics because he was not engaged in or charged with the sale of heroin.

Despite finding defendant's arguments procedurally barred because he did not raise them below, the appellate panel commented on the merits of his claim. Relying on the Appellate Division's recent decision in State v.

7

Coursey, 445 N.J. Super. 506, 511 (App. Div. 2016), which recognized Caliguiri as providing guidance on how to interpret Guideline 3(i), the panel determined that the presumption against PTI had not been eroded by the amendments to N.J.S.A. 2C:35-7. The panel dismissed defendant's second argument as meritless, reasoning that the presumption against PTI was applied in Caliguiri, where the defendant was also charged with possession in a school zone under similar circumstances.

We granted Defendant's petition for certification. 233 N.J. 23 (2018).

## II.

### A.

Defendant reasserts that the 2009 amendments significantly relaxed N.J.S.A. 2C:35-7's sentencing structure and that the typical offender "should be treated like an ordinary third-degree offender." Defendant also resubmits that the presumption against PTI for the "sale" of narcotics should not have been applied because he was charged with possession with intent to distribute, and the term "distribute" used in the statute is broader than the term "sale" that was used in the Guidelines. Lastly, defendant contends the prosecutor abused her discretion in denying his application.

8

B.

The State disputes that the 2009 amendments overrode the presumption against PTI articulated in Caliguiri. The State contends that the 2009 amendments in no way suggest that the Legislature no longer views possession of heroin with intent to distribute it in a school zone as a serious offense, highlighting that the Legislature maintained the presumption of incarceration.

Next, the State asserts the facts of this case are clear and show defendant intended to sell the heroin. The State insists that defendant should not be freed from the presumption against PTI merely because he was arrested before he could complete the sale.

Finally, the State argues that it is in the prosecutor's discretion whether to recommend a defendant for PTI and that, in denying defendant's application in this case, the prosecutor carefully considered all relevant factors under N.J.S.A. 2C:43-12(e).

III.

A.

"PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Roseman, 221 N.J. 611, 621 (2015) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). Prosecutors

9

are tasked with making individualized assessments of each defendant, particularly his or her "amenability to correction" and likely "responsiveness to rehabilitation." State v. Watkins, 193 N.J. 507, 520 (2008) (quoting N.J.S.A. 2C:43-12(b)(1)).

Until recently, "[t]he assessment of a defendant's suitability for PTI must be conducted under the Guidelines for PTI provided in Rule 3:28, along with consideration of factors listed in N.J.S.A. 2C:43-12(e)." Roseman, 221 N.J. at 621. Following changes to Rule 3:28, however, the Guidelines were eliminated. Now, many of their prescriptions -- with significant variations -- are contained in Rules 3:28-1 to -10. N.J.S.A. 2C:43-12(e) sets forth a list of seventeen nonexclusive factors that prosecutors must consider in connection with a PTI application. At the time defendant's PTI application was denied, Guideline 3 to Rule 3:28 then included a list of eleven (later twelve) mandatory factors to be considered "in addition to" those enumerated in the statute. Of particular relevance here, Guideline 3(i) provided that "[a] defendant charged with a first or second degree offense or sale or dispensing of Schedule I or II narcotic drugs . . . by persons not drug dependent, should ordinarily not be considered for enrollment in a PTI program except on joint application by the defendant and the prosecutor." Guideline 3(i) to Rule 3:28 (2014). We note that there is no similar provision dealing with the sale of

10

narcotics in the post-amendment rules governing the Pretrial Intervention Program. "To overcome 'the presumption against PTI, defendant must establish "compelling reasons" for admission' to the program." Watkins, 193 N.J. at 520 (quoting Nwobu, 139 N.J. at 252).

"PTI is essentially an extension of the charging decision, therefore the decision to grant or deny PTI is a 'quintessentially prosecutorial function.'" Roseman, 221 N.J. at 624 (quoting State v. Wallace, 146 N.J. 576, 582 (1996)). "As a result, the prosecutor's decision to accept or reject a defendant's PTI application is entitled to a great deal of deference." Ibid. A court reviewing a prosecutor's decision to deny PTI may overturn that decision only if the defendant "clearly and convincingly" establishes the decision was a "patent and gross abuse of discretion." Wallace, 146 N.J. at 583.

> Ordinarily, an abuse of discretion will be manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgement. In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention.
>
> [Roseman, 221 N.J. at 625 (quoting State v. Bender, 80 N.J. 84, 93 (1979) (citation omitted)).]

11

When a defendant convincingly demonstrates a patent and gross abuse of discretion, a court may admit the defendant into PTI over the prosecutor's objection. Id. at 624-25.

In cases concerning legal error by the prosecutor, however, "there is a relatively low threshold for judicial intervention because '[t]hese instances raise issues akin to questions of law, concerning which courts should exercise independent judgment in fulfilling their responsibility to maintain the integrity and proper functioning of PTI as a whole.'" Watkins, 193 N.J. at 520-21 (alteration in original) (quoting State v. Dalglish, 86 N.J. 503, 510 (1981)). In such cases, a remand to the prosecutor may be appropriate so she or he may rightly reconsider the application. Dalglish, 86 N.J. at 509-10.

B.

N.J.S.A. 2C:35-7(a) criminalizes "distributing, dispensing or possessing with intent to distribute a controlled dangerous substance . . . within 1,000 feet of . . . school property." The statute is part of the Comprehensive Drug Reform Act of 1987 (CDRA), which "was designed to create a coordinated strategy to combat illegal drug use in New Jersey." Caliguiri, 158 N.J. at 37 (citing W. Cary Edwards, An Overview of the Comprehensive Drug Reform Act of 1987, 13 Seton Hall Legis. J. 5, 5 (1989)). Although violators of N.J.S.A. 2C:35-7(a) are guilty of a third-degree crime -- which usually carries

12

a presumption of non-incarceration for first-time offenders, <u>see</u> N.J.S.A. 2C:44-1(e) -- N.J.S.A. 2C:35-7(a) prescribes a mandatory-minimum sentence of one year of imprisonment for offenders caught possessing less than one ounce of marijuana and three years of imprisonment in all other cases. The severity of the penalty structure reflects the CDRA's policy "to afford special protection to children from the perils of drug trafficking, to ensure that all schools and areas adjacent to schools are kept free from drug distribution activities, and to provide especially stern punishment for those drug offenders who operate on or near schools." N.J.S.A. 2C:35-1.1(c).

In <u>Baynes</u>, we recognized that "[t]he penalty structure for [violations of N.J.S.A. 2C:35-7] [wa]s similar to that for second-degree offenses for which admission to PTI is presumptively unavailable." 148 N.J. at 449. And, in <u>Caliguiri</u>, we found the "especially stern punishments" for N.J.S.A. 2C:35-7 offenders, "[i]n light of the general tenor of the CDRA and the goals of the PTI Guidelines," countenanced allowing prosecutors to apply the presumption against PTI to second-degree offenders. 158 N.J. at 43.

But our decision then was based on a sentencing structure that has since evolved. In 2009, the Legislature altered N.J.S.A. 2C:35-7 by enacting a new subsection (b). <u>L.</u> 2009, <u>c.</u> 192, § 1. Even though the mandatory minimums were maintained, N.J.S.A. 2C:35-7(b) now authorizes courts to "waive or

13

reduce the minimum term of parole ineligibility required under subsection a.,"
or to "place the defendant on probation pursuant to paragraph (2) of subsection
b." Before waiving or reducing the period of parole ineligibility, courts must
consider four enumerated factors:

1. The extent and seriousness of the defendant's criminal history,
   N.J.S.A. 2C:35-7(b)(1)(a);

2. The proximity to school property and "the reasonable likelihood of
   exposing children to drug-related activities," id. § 7(b)(1)(b);

3. "[W]hether school was in session at the time of the offense," id. §
   7(b)(1)(c); and

4. "[W]hether children were present at or in the immediate vicinity" of
   the offense, id. § 7(b)(1)(d).

N.J.S.A. 2C:35-7(b)(2) bars courts from waiving or reducing the minimum
term of imprisonment, or imposing probation, if the offense occurred while on
school property or involved the threat or use of violence or a firearm. N.J.S.A.
2C:35-7(b)(2)(a)-(b).

Caliguiri's determination that the presumption against PTI for first- and
second-degree offenses should encompass third-degree school zone offenses,
although well-reasoned at the time, is no longer consistent with the
Legislature's intent. Based on the changed statutory language and the

14

Legislature's clear intent in amending N.J.S.A. 2C:35-7, we hold the presumption against PTI for first- and second-degree offenders can no longer be applied to N.J.S.A. 2C:35-7(a) offenders. Because the prosecutor relied, in part, on the presumption against PTI for second-degree offenses, we believe it appropriate to remand defendant's application to the prosecutor to reconsider defendant's application. We disturb no other portion of Caliguiri.

## IV.

Additionally, we find inapplicable the presumption against PTI for the "sale or dispensing" of a Schedule I or II narcotic, as it was set forth in Guideline 3(i). N.J.S.A. 2C:35-7(a) uses the terms "distribute" and "dispense" but does not use the term "sale."

A "sale" is "[t]he transfer of property or title for a price." Black's Law Dictionary 1454 (9th ed. 2009). Whereas "distribute" is broader and can mean "[t]o apportion," "divide among several," "spread out," or "disperse." Id. at 543. As the Appellate Division noted in Coursey, "Guideline 3(i) does not track the language of N.J.S.A. 2C:35-5(a)(1), because it only refers to 'sale,' which is a subset of 'distribute,' and it does not list possession with intent." 445 N.J. Super. at 511 n.1. The Coursey panel concluded that "possession with intent to distribute is not technically a sale, nor is it 'dispensing' as defined in N.J.S.A. 24:21-2 (defining to 'dispense' as to deliver a CDS

15

'subject by or pursuant to the lawful order of a practitioner')." Id. at 510-11 & n.1.

Defendant was not charged with selling or dispensing narcotics because there was no evidence that he sold or dispensed narcotics. Imputing a presumption against PTI for a "sale" to defendant, who was charged with "possession with intent to distribute," was improper.

V.

The record before us makes clear that the prosecutor faithfully considered the factors found in N.J.S.A. 2C:43-12(e)(1) to (17), finding several militated against acceptance of defendant's application for PTI. Nevertheless, because the prosecutor considered two inapplicable presumptions found in then-Guideline 3(i), the decision to deny defendant's application must be reevaluated. We reverse the judgment of the Appellate Division and remand to the prosecutor for a fresh review of defendant's application and, if need be, to the trial court for appropriate action following the prosecutor's review.


CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON join in JUSTICE TIMPONE'S opinion.

16