**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2199-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DANIELLE M. SABO,

     Defendant-Appellant.

_____

Argued telephonically April 20, 2020 –
Decided May 13, 2020

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 18-02-0131.

Susan L. Romeo, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Susan L. Romeo, of counsel and on the brief).

Paul H. Heinzel, Assistant Prosecutor, argued the cause for respondent (Michael H. Robertson, Somerset County Prosecutor, attorney; Paul H. Heinzel, of counsel and on the brief).

PER CURIAM

Defendant Danielle M. Sabo appeals from an order denying her appeal of the Somerset County Prosecutor's rejection of her application for admission into the Pretrial Intervention (PTI) program. Because we are convinced the prosecutor considered an inappropriate factor—that defendant engaged in a pattern of anti-social behavior—in making the decision to reject defendant's application, we vacate the court's order and remand to the prosecutor to reconsider and decide defendant's application based solely on appropriate factors.

The pertinent facts are not disputed. During an October 2017 motor vehicle stop, a New Jersey State Trooper observed defendant, a passenger in the vehicle, nodding in and out of consciousness. In response to the officer's inquiry whether there were any drugs in the vehicle, defendant removed fifty glassine wax folds of heroin from her pants. She told the State Trooper the heroin was hers and the driver had no knowledge of it.

A grand jury returned an indictment charging defendant with third-degree unlawful possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1). Defendant applied for admission to the PTI program. The Somerset

County PTI Supervisor recommended defendant's acceptance to the program, but the prosecutor subsequently rejected defendant's application.

In support of the rejection decision, the prosecutor relied on factor two, the facts of the case, N.J.S.A. 2C:43-12(e)(2); factor eight, the extent to which defendant's crime constitutes part of a continuing pattern of anti-social behavior, N.J.S.A. 2C:43-12(e)(8); factor twelve, defendant's history of the use of physical violence against others, N.J.S.A. 2C:43-12(e)(12); factor fourteen, whether the crime is of such a nature that the value of supervisory treatment is outweighed by the need for prosecution, N.J.S.A. 2C:43-12(e)(14); and factor seventeen, whether the harm to society by abandoning criminal prosecution outweighs the benefits from channeling defendant into a supervisory treatment program, N.J.S.A. 2C:43-12(e)(17).

The prosecutor based the findings of factors eight and twelve on the following facts. Defendant has a juvenile history including a 1996 adjudication for simple assault; 1997 adjudications for fourth-degree aggravated assault, fourth-degree resisting arrest, and disorderly persons simple assault; and a 1999 adjudication for simple assault. Defendant received probationary dispositions for each adjudication. In 2006, defendant was convicted as an adult of the petty disorderly persons offense of disorderly conduct.

3

The prosecutor noted defendant's "possession of fifty wax folds of heroin" and "signs of impairment at the time of the offense" as the basis for the finding of factor two. The prosecutor based the findings of factors fourteen and seventeen on the conclusion that "the pervasive nature of the addiction epidemic in New Jersey" renders "it imperative that heroin possession is charged and prosecuted and diverted only . . . in appropriate circumstances." The prosecutor concluded defendant did not present appropriate circumstances because her "history reveals a pattern of anti-social behavior and at times violent behavior."

The prosecutor explained that all of the statutory factors pertinent to a decision to admit a defendant to PTI were considered, see N.J.S.A. 2C:43-12(e), but that "on balance" the factors disfavor defendant's admission to the program. Thus, the prosecutor rejected defendant's application.

Defendant appealed the prosecutor's decision to the Law Division. Following oral argument, the court issued a detailed written opinion denying defendant's appeal from the PTI rejection. The court found the prosecutor appropriately considered factors two, twelve, fourteen, and seventeen in support of the rejection decision but inappropriately considered factor eight. More particularly, the court determined defendant's 1996, 1997, and 1999 juvenile adjudications, and subsequent 2006 petty disorderly persons conviction, were

4

too temporally remote from the commission of the 2017 drug offense "to evidence an ongoing pattern of anti-social behavior."

The court determined that, "with the exception of factor eight, the State . . . demonstrated an appropriate consideration of the statutory criteria governing defendant's PTI application." The court noted the deference afforded to a prosecutor's decision denying admission to the PTI program, and it concluded defendant failed to demonstrate the prosecutor's denial of her application constituted a patent and gross abuse of discretion. The court entered an order denying defendant's appeal from the prosecutor's rejection of her application. This appeal followed.

Defendant presents the following argument for our consideration:

> THE PROSECUTOR'S DECISION TO REJECT DEFENDANT'S PTI APPLICATION MUST BE REVERSED BECAUSE, AS THE TRIAL COURT CORRECTLY FOUND, THE DECISION WAS BASED ON AT LEAST ONE INAPPROPRIATE FACTOR.

"PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Johnson, 238 N.J. 119, 127 (2019) (quoting State v. Roseman, 221 N.J. 611, 621 (2015)). The decision to admit or not admit a defendant into the PTI program is "a 'quintessentially prosecutorial

A-2199-18T1

function,'" and, therefore, "[a] court reviewing a prosecutor's decision to deny PTI may overturn that decision only if the defendant 'clearly and convincingly' establishes the decision was a 'patent and gross abuse of discretion.'" Id. at 128-29 (citations omitted). We apply the same standard of review as the Law Division and review the court's decision de novo. State v. Waters, 439 N.J. Super. 215, 226 (App. Div. 2015).

"Ordinarily, an abuse of discretion will be manifest if [the] defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment." Roseman, 221 N.J. at 625 (citation omitted). To establish an abuse of discretion is patent and gross, a defendant must also show "the prosecutorial error complained of will clearly subvert the goals underlying" PTI. Ibid. (citation omitted).

Defendant argues the prosecutor inappropriately considered factor eight because, as the Law Division judge found, defendant's 1996, 1997, and 1999 juvenile adjudications and 2006 petty disorderly persons conviction are too temporally remote to support a finding defendant's offense is part of a pattern of anti-social behavior. The State asserts that, given the nature of the offenses comprising defendant's history of adjudications and convictions, it was not

inappropriate to consider them in determining if defendant's current offense is part of a pattern of anti-social behavior.

In State v. Brooks, the Court explained that a prosecutor could properly consider a defendant's juvenile record in determining suitability for admission into PTI.  175 N.J. 215, 219, 227 (2002).  The Court determined a prosecutor "may consider not only serious criminal acts, but less serious conduct, including disorderly person offenses, offenses found under the juvenile code, and acts that technically do not rise to the level of adult criminal conduct" in the assessment of whether a defendant's offense constitutes part of a "pattern of anti-social behavior."  Id. at 227.  However, the Court also noted that "some juvenile infractions may be so minor or distant in time that they provide no reasonable basis to support a prosecutor's rejection of PTI in a given case."  Id. at 219.

In State v. Negran, the Court found the prosecutor's reliance on the defendant's twelve-year-old conviction for driving while intoxicated and ten-year-old conviction for speeding "too temporally distant to reasonably support the State's assertion of a pattern of anti-social behavior such that PTI should be denied."  178 N.J. 73, 85 (2003).  The Court further noted that although the defendant's current offense "involved [the] use of alcohol while driving, as did" her prior driving-while-intoxicated offense, the "substantive connection

A-2199-18T1

between the [offenses] does not overcome the unreasonableness of the State's use of such stale prior infractions to support an allegation of a pattern of behavior." Id. at 85.

We agree with the court's conclusion that defendant's juvenile adjudications, which were respectively eighteen, twenty, and twenty-one years old when her present offense was allegedly committed, and her eleven-year-old petty disorderly persons conviction, are too remote and stale to support a reasonable conclusion defendant's 2017 offense is part of a pattern of anti-social behavior. There is no substantive connection between defendant's current offense and any of her prior offenses, and the passage of eleven years since her most recent conviction undermines the prosecutor's conclusion defendant's current offense constitutes a part of a pattern of anti-social behavior. We therefore agree with the court that the prosecutor considered an inappropriate factor—that defendant's current offense is part of a pattern of anti-social behavior—to support the decision denying defendant's admission into PTI.

We are not, however, persuaded by defendant's claim the prosecutor improperly considered factor twelve based on defendant's three separate juvenile adjudications for violent offenses. Defendant argues the adjudications are too remote, old, and stale to properly support a factor-twelve finding.

8

N.J.S.A. 2C:43-12(e)(12) requires that the prosecutor consider a defendant's "history of the use of physical violence toward others." That is precisely what the prosecutor did in considering defendant's juvenile adjudications—all of which involved offenses involving the use of physical violence. We cannot conclude the prosecutor considered an inappropriate factor where the prosecutor complied with a clear and unambiguous statutory dictate, see N.J.S.A. 2C:43-12(e), and the prosecutor's finding is supported by the record. We note, however, the prosecutor's written statement of reasons does not explain the manner in which defendant's twenty-year-old adjudications for violent offenses, committed while she was juvenile, "led [the prosecutor] to conclude that admission should be denied." State v. Nwobu, 139 N.J. 236, 249 (1995) (quoting State v. Sutton, 80 N.J. 110, 117 (1979)).

Where, as here, the prosecutor relied on an inappropriate factor, the appropriate remedy is to remand for the prosecutor to reconsider the decision denying admission into the PTI program without consideration of the factor. See Johnson, 238 N.J. at 129 (finding where there is a legal error by the prosecutor in denying admission to PTI, "a remand to the prosecutor may be appropriate so she or he may rightly reconsider the application"). We therefore reverse the court's order denying defendant's appeal from the prosecutor's rejection of her

9

PTI application, and we remand to the prosecutor for reconsideration of defendant's application without any finding of factor eight. Because the prosecutor's findings of factors fourteen and seventeen are founded in part on an incorrect conclusion defendant's present offense is part of a pattern of anti-social behavior, on remand the prosecutor shall also reconsider the prior findings of factors fourteen and seventeen without reliance on any determination defendant's current offense is part of a pattern of anti-social behavior.

If defendant's application is again rejected, the prosecutor shall provide a written statement of findings and the reasons for the decision. N.J.S.A. 2C:43-12(c). "[T]he statement of reasons must not be vague. Rather, the prosecutor's reasons for rejection of the PTI application must be stated with 'sufficient specificity so that defendant has a meaningful opportunity to demonstrate that they are unfounded.'" Nwobu, 139 N.J. at 249 (quoting State v. Maddocks, 80 N.J. 98, 109 (1979)). For example, if the prosecutor again relies on defendant's history of physical violence, as reflected in decades-old juvenile adjudications, the prosecutor shall precisely explain the manner in which the history supports the denial decision.

Reversed and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2199-18T1