**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0801-19T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

DAVID A. CASTRO, a/k/a
DAVID ALVARO CASTRO,

 Defendant-Appellant.

_____

Submitted October 13, 2020 – Decided November 24, 2020

Before Judges Hoffman and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 18-12-3899.

Michael Chazen, attorney for appellant.

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant David A. Castro appeals the order denying his motion for admission into a pre-trial intervention (PTI) program. We affirm.

On September 16, 2018, defendant struck a person in the head with a beer bottle while both were patrons in a bar. He later admitted his purpose was to cause bodily injury—even though he did not know the victim—and that he was "over intoxicated" at the time. According to the prosecutor's PTI denial letter, two witnesses saw the incident. One witness overheard "insignificant chatter" between defendant and the victim just before it occurred. The other told police there was no apparent reason for the incident. The witnesses agreed defendant was highly intoxicated.

The victim sustained a laceration of the left side of his head near his eye, which required medical attention. Defendant was thirty-nine years old at the time, had a college degree and was employed full-time as a customer service manager. He had one driving while under the influence (DUI) conviction from 2000.

Defendant was charged with third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d). Defendant applied for PTI and, although recommended for

2

admission by Probation, the prosecutor denied his application. Defendant appealed to the Superior Court, which remanded the matter because the prosecutor's denial was based on a rule that was no longer in effect.

On April 10, 2019, the prosecutor again denied defendant's PTI application, considering it "ab initio" and taking into consideration all the parties' submissions. She did not "consider or apply any presumptive ineligibility." The prosecutor considered defendant's age, education, employment, and prior DUI conviction. She considered that defendant was "highly intoxicated," the assault was "seemingly [for] no reason" and the victim objected to PTI.

The prosecutor's letter asserted she gave "due consideration of all factors" in reaching her determination. She considered aggravating factors under N.J.S.A. 2C:43-12(e), concluding the nature of the offense "weigh[ed] heavily" against entry into PTI, there was no "plausible reason" for the incident, and the victim suffered permanent facial scars. Although the prosecutor considered defendant had "no prior indictable convictions," was employed and educated, this was a "senseless act of violence" and was "brutal," concluding there was a strong need to deter defendant and others. The prosecutor took into consideration mitigating factors including defendant's age and that the "instant

offense does not appear to constitute part of a continuing pattern of anti-social behavior."

The prosecutor concluded that defendant failed to show the "value[] of the supervisory treatment would outweigh the public need for prosecution." Although defendant contested the factual assertions, the prosecutor found "[i]n light of the facts and circumstances surrounding this case, the victim's staunch opposition to defendant's entry into PTI, and the strong need for specific and general deterrence, [that] society will be better served by prosecution through traditional channels and a [j]udgment of [c]onviction."

Defendant appealed the prosecutor's April 10, 2019 denial to the Superior Court. On July 29, 2019, the court denied defendant's motion. The court found defendant "failed to prove that the State did not consider relevant factors." It found the State's rejection was not "clearly unreasonable" or a "patent and gross abuse of discretion" because defendant was "charged with a seemingly random act of violence" and "[t]he need for public prosecution . . . outweigh[ed] . . . the value of supervisory treatment." The court noted "[w]hile defendant may respond well to PTI," defendant did not show facts to overcome the deference accorded to the prosecutor's decision. Ibid.

A-0801-19T2

In October 2019, defendant pleaded guilty to third-degree aggravated assault. He was sentenced to a two-year term of non-custodial probation, conditioned on drug/alcohol treatment, community service and compliance with all required rules and regulations. On appeal defendant argues that the trial court erred by not granting defendant's PTI appeal.

"PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Roseman, 221 N.J. 611, 621 (2015) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). Prosecutors have "wide latitude in deciding whom to divert into the PTI program and whom to prosecute through a traditional trial." State v. Negran, 178 N.J. 73, 82 (2003) (citing Nwobu, 139 N.J. at 246). The scope of review of a PTI rejection is "severely limited." Ibid.

"A court reviewing a prosecutor's decision to deny PTI may overturn that decision only if the defendant 'clearly and convincingly' establishes the decision was a 'patent and gross abuse of discretion.'" State v. Johnson, 238 N.J. 119, 128-29 (2019) (quoting State v. Wallace, 146 N.J. 576, 583 (1996)). An abuse of discretion occurs when the PTI denial "(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of

5

irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment." State v. Bender, 80 N.J. 84, 93 (1979). "In order for such an abuse of discretion to rise to the level of 'patent and gross,' it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying [p]retrial [i]ntervention." Johnson, 238 N.J. at 129 (quoting Roseman, 221 N.J. at 625).

A prosecutor is to consider a non-exhaustive list of seventeen statutory factors in determining eligibility for PTI. Roseman, 221 N.J. at 621-22 (citing State v. Watkins, 193 N.J. 507, 520 (2008)); see N.J.S.A. 2C:43-12(e)(1) to (17). The prosecutor is to make an "individualized assessment of the defendant . . . ." Ibid. Applying these principles, there is no basis to disturb the trial court's order.

We agree with the trial court there was no patent and gross abuse of discretion by the prosecutor in denying defendant's admission into PTI. The court found defendant did not show what relevant factors the prosecutor failed to consider. The prosecutor's letter thoroughly discussed the factors weighing against admission into PTI and those in favor.

Defendant argues the prosecutor should have addressed each of the seventeen factors. He contends the prosecutor should have considered that he did not benefit from this act, had no indictable record and was taking steps

toward rehabilitation. However, the prosecutor's letter expressly said she reviewed all the required factors. She took into consideration that defendant had one DUI conviction and was gainfully employed. She was aware defendant alleged he stopped drinking after this incident and was awaiting the outcome of a drug and alcohol abuse evaluation. Defendant does not contend irrelevant or inappropriate factors were considered by the prosecutor.

Defendant did not show the denial was based on a clear error in judgment. An error in judgment is one that "is contrary to the predominant views of others responsible for the administration of criminal justice" or a decision that "could not have reasonably been made upon a weighing of the relevant factors." Nwobu, 139 N.J. at 253-54 (quotations omitted). Defendant did not show that the "predominant view" would be to treat a random, violent act resulting in injury through a diversionary program or that the prosecutor's decision to reject PTI could not have been arrived at through a reasonable weighing of the factors in this case. The prosecutor's letter shows a thorough evaluation and weighing of the statutory factors.

We are satisfied the prosecutor considered all the factors under N.J.S.A. 2C:43-12(e), addressing those that were relevant to this case. Even though the trial court expressed that defendant may respond to PTI, this did not mean the

7

prosecutor showed a patent or gross abuse of discretion in determining that the random and brutal nature of the assault outweighed the other mitigating factors, or that the denial of PTI, in this case, would undermine its goals. As our Supreme Court explained, "The question is not whether we agree or disagree with the prosecutor's decision, but whether the prosecutor's decision could not have been reasonably made upon weighing the relevant factors." Nwobu, 139 N.J. at 254. Plainly, the prosecutor's decision could be made reasonably on these facts.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0801-19T2