**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0691-19T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES D. RAY,

    Defendant-Appellant.

_____

Argued November 30, 2020 – Decided December 11, 2020

Before Judges Fasciale and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 18-11-1148.

Brian J. Neary argued the cause for appellant (Law Offices of Brian J. Neary, attorneys; Brian J. Neary, of counsel and on the brief).

William P. Miller, Assistant Prosecutor, argued the cause for respondent (Mark Musella, Bergen County Prosecutor, attorney; William P. Miller, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant appeals from a May 17, 2019 order denying his motion to overturn the State's rejection of his pre-trial intervention (PTI) application. Defendant is a Georgia resident who, while visiting his daughter in New Jersey, was charged with, and pled guilty to, possession of a firearm without a permit and possession of hollow-nose bullets. After considering the relevant statutory factors, the Bergen County prosecutor denied defendant's PTI application. Although the prosecutor initially considered the now-deleted Rule 3:28 Guideline's presumption that out-of-state residents were ineligible for admission into PTI, the prosecutor and the trial judge later applied the proper eligibility standard and determined that defendant failed to meet his burden to demonstrate that adequate supervision would be available in Georgia. We therefore affirm.

On appeal, defendant raises the following points for this court's consideration:

> POINT I
>
> THE PROSECUTOR'S OBJECTION TO [DEFENDANT'S] PTI APPLICATION WAS ARBITRARY AND CAPRICIOUS AND AMOUNTS TO A PATENT AND GROSS ABUSE OF DISCRETION.
>
> POINT II
>
> THE PROSECUTOR'S ACTION CLEARLY SUBVERT[S] THE GOALS OF PTI.

2

"[T]he decision to grant or deny PTI is a 'quintessentially prosecutorial function.'" State v. Roseman, 221 N.J. 611, 624 (2015) (quoting State v. Wallace, 146 N.J. 576, 582 (1996)). Eligibility for PTI is based primarily on "the applicant's amenability to correction, responsiveness to rehabilitation[,] and the nature of the offense." N.J.S.A. 2C:43-12(b). Admission into PTI "requires a positive recommendation from the PTI director and the consent of the prosecutor." State v. Negran, 178 N.J. 73, 80 (2003) (citing State v. Nwobu, 139 N.J. 236, 246 (1995)). This determination is "'primarily individualistic in nature' and a prosecutor must consider an individual defendant's features that bear on his or her amenability to rehabilitation." Nwobu, 139 N.J. at 255 (quoting State v. Sutton, 80 N.J. 110, 119 (1979)). The determination must also consider the factors set forth in N.J.S.A. 2C:43-12(e). Roseman, 221 N.J. at 621-22.

This court's scope of review of PTI determinations is "severely limited." Negran, 178 N.J. at 82 (citing Nwobu, 139 N.J. at 246). The "close relationship of the PTI program to the prosecutor's charging authority" that provides "prosecutors wide latitude in deciding whom to divert into the PTI program and whom to prosecute through a traditional trial" necessitates an "'enhanced' or 'extra'" deferential review of those decisions. Ibid. (citation omitted). Our

review "serves to check only the 'most egregious examples of injustice and unfairness.'" Ibid. (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)).

This court may overturn a denial of PTI if defendant "establish[es] that the prosecutor's decision was a patent and gross abuse of discretion." R. 3:28-6(b)(1); see State v. Johnson, 238 N.J. 119, 128-29 (2019). Such abuse of discretion may arise where the denial of PTI "(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment" and the denial of PTI "clearly subvert[s] the goals underlying [PTI]." Johnson, 238 N.J. at 129 (quoting Roseman, 221 N.J. at 625). At the end of the day, "[t]he question is not whether [the judge] agree[s] or disagree[s] with the prosecutor's decision, but whether the prosecutor's decision could not have been reasonably made upon weighing the relevant factors." Nwobu, 139 N.J. at 254.

The prosecutor properly considered the factors provided in N.J.S.A. 2C:43-12(e) in making his determination. The prosecutor considered the nature of the offenses and the facts of the case, defendant's involvement with other people in the crime, the effect on the prosecution of co-defendants,[1] as well as

---

[1] Defendant's daughter was also charged with possession of a firearm without a permit and possession of hollow-nose bullets. Those charges were later dismissed as part of defendant's guilty plea.

4

whether the harm to society outweighs the benefits to society. N.J.S.A. 2C:43-12(e)(1), (2), (15), (16), (17). Defendant possessed a handgun loaded with hollow-nose bullets without a valid New Jersey license. A housekeeper employed by the hotel where defendant and his daughter were staying allegedly found the handgun in the room and alerted police. Surveillance video depicted defendant moving the handgun from the hotel room to his vehicle immediately after the housekeeper finished cleaning his room. The police later found a thirty-eight-caliber revolver loaded with hollow-nose and ball-point rounds in defendant's car.

The prosecutor also considered factors in favor of admission into PTI, such as the fact that defendant is "[fifty-five-]years old and served in the military" until he was honorably discharged and does not have "any known history of . . . use of physical violence towards others and involvement with organized crime[.]" However, in considering the totality of the circumstances, the prosecutor determined that it would not consent to the application for defendant's admission into PTI.

Defendant argues that the prosecutor wrongfully applied the now-deleted presumption of ineligibility for out-of-state residents applying for admission into PTI found in the Rule 3:28 Guidelines and Official Comments. Our

A-0691-19T1

Supreme Court deleted the Guidelines and Official Comments, and incorporated portions of the text into Rule 3:28-1 to -10, effective July 1, 2018. See Johnson, 238 N.J. at 128 (noting that although the Court deleted the Guidelines, "many of [the Guidelines'] prescriptions—with significant variation—are [now] contained in Rules 3:28-1 to -10"). Previously under the Guidelines, out-of-state citizens were ineligible for New Jersey's PTI program when they "reside[d] such distances from New Jersey as to bar effective counseling or supervisory procedures." R. 3:28, Guideline 3(b). Now "[n]on-residents are eligible to apply for the [PTI] program but may be denied enrollment unless they can demonstrate that they can receive effective counseling or supervision." R. 3:28-1(b).

The prosecutor initially relied on the Guideline's presumption of ineligibility but explained before the motion judge that, even when applying the proper standard, defendant failed to meet his burden to demonstrate that he could receive effective counseling or supervision in Georgia. The judge agreed, explaining that "[t]he State's reliance on Guideline 3[(b)] is easily supplanted with [Rule] 3:28[-1](b)[.]" The judge noted that this court previously recognized "the lack of alternative supervisory and counseling programs within Georgia that could act as a sufficient proxy for New Jersey's PTI program," and that defendant failed to show that circumstances in Georgia have changed to

A-0691-19T1

make out-of-state PTI possible. See State v. Waters, 439 N.J. Super. 215, 232-33 (App. Div. 2015) (noting that "Georgia's First Offender program . . . relate[s] only to defendants convicted in Georgia" and that "persons on [PTI] are ineligible [for the Interstate Commission for Adult Offender Supervision]").

The prosecutor considered the proper statutory factors in making its determination to decline to consent to defendant's application for admission to PTI. And although the prosecutor initially relied on the now-deleted Guidelines, both the prosecutor and judge later applied the proper standard and determined that defendant failed to meet his burden to demonstrate that he could receive effective counseling or supervision in Georgia. While acknowledging the prosecutor considered defendant's military service to our nation as a factor militating in favor of PTI, defendant contends the prosecutor did not give that circumstance and other mitigating factors sufficient weight. Given the deferential standard that limits our review of the exercise of prosecutorial discretion, we decline defendant's invitation to substitute our judgment for that of the prosecutor. See Nwobu, 139 N.J. at 254. The mitigating circumstances in this case were accounted for not only in the prosecutor's PTI decision but also in its decision to waive the mandatory imprisonment and forty-two-month

period of parole ineligibility that ordinarily applies to a Grave's Act handgun offense. See N.J.S.A. 2C:43-6.2.

As a result, the prosecutor's determination was not arbitrary and capricious and does not amount to a patent and gross abuse of discretion. Nor does it clearly subvert the goals of PTI.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0691-19T1