# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5673-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

D. M. M.,[1]

     Defendant-Appellant.

_____

Submitted February 10, 2021 – Decided March 25, 2021

Before Judges Whipple, Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 18-02-0562.

Joseph E. Krakora, Public Defender, attorney for appellant (Alyssa Aiello, Assistant Deputy Public Defender, of counsel and on the briefs).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E.

---

[1] We use initials to protect the confidentiality of records related to applications for enrollment in the pretrial intervention program. See R. 1:38-3(c)(5).

Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, D.M.M., appeals from an April 10, 2019 judgment of conviction for third-degree possession of a controlled dangerous substance (CDS) with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3). Primarily, defendant contends the court erred by denying him entry into a pretrial intervention (PTI) program. We reverse and remand.

Defendant raises the following issues on appeal:

> POINT I:  THE ORDER DENYING [D.M.M.]'s PTI APPEAL MUST BE REVERSED AND AN ORDER ADMITTING HIM TO THE PROGRAM MUST BE ENTERED.

We discern the following facts and procedural history from the record. On November 7, 2017, two packages from Canada, addressed to D.M.M. in Millburn, were intercepted by customs agents at the direction of the Department of Homeland Security.  The packages contained 2,010 benzodiazepine pills.  On November 9, 2017, Millburn Police Department officers performed a controlled delivery to the house, where defendant lived with his parents.  Defendant signed for and accepted the packages and was

then arrested. At that point, police searched the house pursuant to a warrant and recovered 3,590 benzodiazepine pills in total.

On February 16, 2018, defendant was indicted for three third-degree drug crimes: possession of CDS, N.J.S.A. 2C:35-10(a); possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3); and possession of CDS with intent to distribute within 1,000 feet of school property or a school bus, N.J.S.A. 2C:35-7(a).

Defendant applied for PTI and on February 7, 2018, an Essex County probation officer recommended defendant as an appropriate candidate. On March 27, 2018, the prosecutor denied defendant's admission into the PTI program. Defendant filed an untimely appeal of the prosecutor's denial to the Law Division.

At defendant's PTI appeal hearing on December 18, 2018, the trial judge denied defendant's application, finding it was procedurally time-barred. The judge explained defendant should have filed his appeal within ten days of his rejection; it was filed four months out of time. Nevertheless, addressing the merits, the judge concluded the prosecutor gave a thorough and complete review of defendant's application and background, and the prosecutor appropriately weighed any applicable aggravating and mitigating factors. The

3

judge agreed with the prosecutor that despite several mitigating factors that had been considered in defendant's favor, these were outweighed by aggravating factors.

The court determined defendant failed to show that the prosecutor's denial of PTI was a clear error in judgment. Notably the court found the prosecutor properly applied a presumption against PTI because defendant was charged with attempt to distribute benzodiazepine pills within 1000 feet of school property by relying upon State v. Baynes, 148 N.J. 434, 449 (1997), and State v. Caliguiri, 158 N.J. 28, 43 (1999).

On January 16, 2019, defendant pleaded guilty to possession of CDS with intent to distribute. On April 10, 2019, he was sentenced to two years of probation, with special conditions that he maintain employment, undergo psychological testing, perform 190 hours of community service and continue with outpatient drug treatment. Accordingly, the remaining charges were dismissed.

Our scope of review of a PTI denial is "severely limited." State v. Negran, 178 N.J. 73, 82 (2003). We apply the same standard of review as the trial court, and review its decision de novo. State v. Waters, 439 N.J. Super. 215, 226 (App. Div. 2015). Having reviewed the record in view of the

4

governing law, as it existed at the time of conviction, we agree the prosecutor properly considered the relevant factors. And defendant failed to sustain his burden of demonstrating the prosecutor's decision was a patent and gross abuse of discretion.

As such, the prosecutor's decision was not "so wide of the mark sought to be accomplished by PTI," that it would have required our intervention. State v. Wallace, 146 N.J. 576, 583 (1996). However, a few weeks after defendant's conviction, our Supreme Court decided State v. Johnson, 238 N.J. 119 (2019).[2] In Johnson, the Court held the 2009 amendments to N.J.S.A. 2C:35-7's sentencing structure reflected a more flexible sentencing policy and the presumption against PTI for second-degree offenders can no longer be applied to those charged under N.J.S.A. 2C:35-7(a).

Here, defendant was charged with violating N.J.S.A. 2C:35-7 under count three, which was later dismissed as part of his guilty plea. We cannot overlook the fact that application of the presumption was a significant reason why defendant was denied admission into the PTI program.

Thus, we consider the retroactivity of the Supreme Court's holding in Johnson. There, the Court held that the sentencing structure has evolved for

---

[2] Johnson was argued March 11, 2019, and decided May 30, 2019.

N.J.S.A. 2C:35-7 offenders. In doing so, it pointed to the Legislature's intent when altering the statute, to allow courts to "'waive or reduce the minimum term of parole ineligibility required under subsection a,' or to 'place the defendant on probation pursuant to paragraph (2) of subsection b.'" Johnson, 238 N.J. at 131 (quoting N.J.S.A. 2C:35-7(b)). Therefore, Johnson rendered prior case law, such as Caliguiri and Baynes, inapplicable. This was a new rule that was a "sudden and generally unanticipated repudiation of a long[-]standing practice." State v. Feal, 194 N.J. 293, 308 (2008) (quoting State v. Purnell, 161 N.J. 44, 53 (1999)).

When a new rule of law is announced by a court decision, there are four options:

> (1) make the new rule of law purely prospective, applying it only to cases whose operative facts arise after the new rule is announced; (2) apply the new rule to future cases and to the parties in the case announcing the new rule, while applying the old rule to all other pending and past litigation; (3) grant the new rule . . . [pipeline] retroactivity, applying it to cases in (1) and (2) as well as to pending cases where the parties have not yet exhausted all avenues of direct review; and, finally, (4) give the new rule complete retroactive effect.
>
> [Ibid. (quoting State v. Burstein, 85 N.J. 394, 402-03 (1981)).]

A-5673-18

To determine which level of retroactivity is appropriate, the Supreme Court requires courts to conduct a three-pronged inquiry: "(1) the purpose of the old rule and whether it would be furthered by a retroactive application, (2) the degree of reliance placed on the old rule by those who administered it, and (3) the effect a retroactive application would have on the administration of justice." State v. Knight, 145 N.J. 233, 251 (1996) (quoting State v. Nash, 64 N.J. 464, 471 (1974)).

The second factor, or "degree of reliance," is evaluated by assessing whether the old rule was administered in good faith reliance on constitutional norms and whether the "number of precedents reaffirming its validity" had caused the rule to "bec[o]me firmly entrenched in the law." Purnell, 161 N.J. at 55-56 (alteration in original) (quoting State v. Anderson, 127 N.J. 191, 204 (1992)). Finally, under the "administration of justice" factor, retroactivity is usually not afforded if it undermines the validity of a large number of convictions. Feal, 194 N.J. at 309 (quoting Knight, 145 N.J. at 252). Therefore, the decision to apply a rule retroactively must turn on the court's view of "what is just and consonant with public policy in the particular situation presented." Id. at 309-10 (quoting Knight, 145 N.J. at 251).

Under the timeline represented in this record pipeline retroactivity is required. We consider the degree of reliance placed on the old rule by the State and by the court in proximity to the timeline when its viability was contemporaneously under consideration by our Supreme Court in Johnson. That proximity leads us to conclude the matter requires a remand to the prosecutor for consideration of defendant's application to PTI without the now inviolable presumption against PTI.

Reversed and remanded consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION